1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| CARLOS DADA, *et al.*, | Case No. 3:22-cv-07513-JD |
|---|---|
| Plaintiffs, | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [FED. R. CIV. P. 12(B)(1), (B)(6), FORUM NON CONVENIENS]** |
| v. | |
| NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD. | |
| Plaintiff. | |

1   The Court, having fully considered the motion of Defendants NSO Group Technologies
2   Limited and Q Cyber Technologies Limited to dismiss Plaintiffs' First Amended Complaint and
3   all points and authorities filed in support of and in opposition to the motion and the arguments of
4   counsel, and GOOD CAUSE THEREFOR APPEARING, IT IS HEREBY ORDERED:
5       1.      The motion is GRANTED.
6       2.      NSO and Q Cyber, two foreign defendants with limited contacts to California, are
7   not subject to general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).  Plaintiffs,
8   also foreign parties, do not plead sufficient facts to show that Defendants purposefully targeted the
9   state of California or the United States or that Plaintiffs' claims arise from Defendants' contacts
10  with California or the United States. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797,
11  802 (9th Cir. 2004).  That the alleged conduct fortuitously involved servers located in California
12  is not sufficient to justify exerting jurisdiction over two foreign defendants for conduct that
13  occurred entirely outside the United States. *See Hungerstation LLC v. Fast Choice LLC*, 2020 WL
14  137160, at *5 (N.D. Cal. Jan. 13, 2020), *aff'd*, 857 F. App'x 349 (9th Cir. 2021).  Exercising
15  jurisdiction over NSO and Q Cyber, moreover, is not reasonable, particularly as it is likely that
16  much of the evidence in this matter will not be located in California or the United States and given
17  Defendants' contacts with Israel. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain
18  Co.*, 284 F.3d 1125–26 (9th Cir. 2002).  Accordingly, this action is dismissed for lack of personal
19  jurisdiction. Fed. R. Civ. P. 12(b)(1).
20      3.      Because this action has no material connection to California and should be brought
21  in Israel, dismissal is required for *forum non conveniens*.
22      4.      Plaintiffs fail to state a claim under the Computer Fraud and Abuse Act ("CFAA").
23  Plaintiffs' conclusory allegations of resources used to investigate and remediate NSO's allege
24  conduct, cannot satisfy the CFAA's "damage" and "loss" requirements. 18 U.S.C. § 1030(g); *see
25  also Van Buren v. United States*, 141 S. Ct. 1648, 1659–60 (2021); *Andrews v. Sirius XM Radio
26  Inc.*, 932 F.3d 1253, 1262–63 (9th Cir. 2019).  Plaintiffs also plead no facts showing an economic
27
28

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS

Case No. 3:22-cv-07513-JD

loss of at least $5,000 in value. 18 U.S.C. § 1030(c)(4)(A)(i)(I). Consequently, Plaintiffs' CFAA claim must be dismissed.

5. Given Defendants' and Plaintiffs' lack of contacts with California, Plaintiffs' claims for intrusion upon seclusion, trespass to chattels, and violation of California's Comprehensive Computer Data Access and Fraud Act ("CDAFA") must be dismissed. There is a presumption against California law being given extraterritorial effect when the alleged wrongful acts and injury occurred outside California, and nothing in the Complaint rebuts that presumption. *Oracle Corp. v. SAG AG*, 734 F. Supp. 2d 956, 967–68 (N.D. Cal. 2010). Moreover, as Plaintiffs' California claims against NSO and Q Cyber are premised on out-of-state conduct, they are also foreclosed by Due Process and Commerce Clauses of the U.S. Constitution. *See BMW v. Gore*, 517 U.S. 559, 571 (1996).

6. In addition, Plaintiffs fail to state a claim for CDAFA or trespass to chattels. As with their CFAA claim, Plaintiffs fail to plead any damage or loss actionable under the CDAFA. *See* Cal. Penal Code § 502(e)(1); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 949 (N.D. Cal. 2014). Plaintiffs also do not plead any physical damage to their computers, as is required to state a claim for trespass to chattels. *See Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1347 (2003); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 684 (N.D. Cal. 2020).

7. Plaintiff's Complaint is, accordingly, dismissed with prejudice.

IT IS SO ORDERED.

Dated: _____, 2023           _____
                                             The Honorable James Donato
                                             United States District Court Judge