JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO Group Technologies LTD.
And Q Cyber Technologies LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LTD. And Q CYBER TECHNOLOGIES LTD.,<br><br>Defendants. | Case No. 3:22-cv-07513-JD<br>[*The Honorable James Donato*]<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*No hearing scheduled.*<br><br>Action Filed:   11/30/2022 |

**TABLE OF CONTENTS**

I. NSO IS NOT SUBJECT TO PERSONAL JURISDICTION. ........................................... 1

   A. NSO is not subject to specific jurisdiction in California. ........................................ 1

   B. NSO is not subject to nationwide jurisdiction under Rule 4(k)(2). .......................... 4

   C. Exercising personal jurisdiction over NSO would be unreasonable. ....................... 4

II. THE COMPLAINT SHOULD BE DISMISSED FOR *FORUM NON CONVENIENS*. ...... 6

III. THE COMPLAINT DOES NOT STATE A CLAIM AGAINST NSO. ........................... 7

   A. Plaintiffs do not state a CFAA claim. ........................................................................ 8

   B. Plaintiffs do not state California law claims. ............................................................ 9

IV. CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*42 Ventures, LLC v. Mav*,
  2022 WL 240030 (D. Haw. June 15, 2022) ............................................................................. 2, 4

*Alhathloul v. DarkMatter Grp.*,
  2023 WL 2537761 (D. Or. Mar. 16, 2023) ............................................................................ *passim*

*Alt. Health USA Inc. v. Edalat*,
  2022 WL 767573 (C.D. Cal. Mar. 14, 2022) ................................................................................ 7

*Amarte USA Holdings, Inc. v. G.L.E.D. Cosmetics US Ltd.*,
  2020 WL 10322586 (S.D. Cal. Dec. 15, 2020) ............................................................................ 3

*Amoco Egypt Oil Co. v. Leonis Nav. Co.*,
  1 F.3d 848 (9th Cir. 1993) ............................................................................................................ 6

*Andrews v. Sirius XM Radio Inc.*,
  932 F.3d 1253 (9th Cir. 2019) ..................................................................................................... 8

*In re Apple Device Perf. Litig.*,
  347 F. Supp. 3d 434 (N.D. Cal. 2018) ....................................................................................... 10

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ..................................................................................................... 4

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
  11 F.4th 972 (9th Cir. 2021) .................................................................................................... 2, 5

*Boruta v. JPMorgan Chase Bank, N.A.*,
  2019 WL 4010367 (N.D. Cal. Aug. 26, 2019) ............................................................................ 3

*Bristol-Myers Squibb Co. v. Super. Ct.*,
  582 U.S. 255 (2017) ..................................................................................................................... 1

*Burri Law PA v. Skurla*,
  35 F.4th 1207 (9th Cir. 2022) ...................................................................................................... 2

*Carijano v. Occidental Petrol. Corp.*,
  643 F.3d 1216 (9th Cir. 2011) ..................................................................................................... 7

*Casillas v. Berkshire Hathaway Homestate Ins. Co.*,
  79 Cal. App. 5th 755 (2022) ...................................................................................................... 10

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
  511 U.S. 164 (1994) ..................................................................................................................... 9

*Climax Portable Mach. Tools, Inc. v. Trawema GmbH*,
  2020 WL 1304487 (D. Or. Mar. 19, 2020)...................................................................................2

*Contact Lumber Co. v. P.T. Moges Shipping Co.*,
  918 F.2d 1446 (9th Cir. 1990) .....................................................................................................7

*COR Sec. Holdings Inc. v. Banc of Cal.*,
  2018 WL 4860032 (C.D. Cal. Feb. 12, 2018)..............................................................................9

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) .......................................................................................................5

*Custom Packaging Supply, Inc. v. Phillips*,
  2016 WL 1532220 (C.D. Cal. Apr. 15, 2016) .............................................................................8

*DEX Sys. v. Deutsche Post AG*,
  727 F. App'x 276 (9th Cir. 2018) ............................................................................................2, 3

*Enigma Software Grp. USA LLC v. Malwarebytes Inc.*,
  2021 WL 3493764 (N.D. Cal. Aug. 9, 2021) ..............................................................................2

*Facebook, Inc. v. Power Ventures, Inc.*,
  844 F.3d 1058 (9th Cir. 2016) .....................................................................................................8

*Facebook, Inc. v. Studivz Ltd.*,
  2009 WL 1190802 (N.D. Cal. May 4, 2009)...............................................................................7

*Fields v. Wise Media, LLC*,
  2013 WL 5340490 (N.D. Cal. Sept. 24, 2013) .........................................................................10

*Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*,
  2011 WL 2847712 (D. Nev. July 15, 2011) ................................................................................9

*Hungerstation LLC v. Fast Choice LLC*,
  2020 WL 137160 (N.D. Cal. Jan. 13, 2020)......................................................................2, 4, 5

*Fraser v. Mint Mobile*,
  2022 WL 1240864 (N.D. Cal. Apr. 27, 2022) .............................................................................9

*Freeman v. DirecTV, Inc.*,
  457 F.3d 1001 (9th Cir. 2006) .....................................................................................................9

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
  905 F.3d 597 (9th Cir. 2018) .......................................................................................................2

*Gates Learjet Corp. v. Jensen*,
  743 F.2d 1325 (9th Cir. 1984) .....................................................................................................5

*Gavino v. Saia Motor Freight Line LLC*,
  2023 WL 289815 (C.D. Cal. Jan. 5, 2023) ..................................................................................3

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
   284 F.3d 1114 (9th Cir. 2002) ..................................................................................................5

*HB Prods., Inc. v. Faizan*,
   603 F. Supp. 3d 910 (D. Haw. 2022) ......................................................................................2

*Hydentra HLP Int'l Ltd. v. Sagan Ltd.*,
   783 F. App'x 663 (9th Cir. 2019) ............................................................................................2

*Intel Corp. v. Hamidi*,
   30 Cal. 4th 1342 (2003) ........................................................................................................10

*Kazakhstan v. Ketebaev*,
   2017 WL 6539897 (N.D. Cal. Dec. 21, 2017) ........................................................................2

*Mintz v. Mark Bartelstein & Assocs.*,
   906 F. Supp. 2d 1017 (C.D. Cal. 2012) ..................................................................................9

*Mount v. PulsePoint, Inc.*,
   2016 WL 5080131 (S.D.N.Y. 2016) .....................................................................................10

*MSC Safety Sols. v. Trivent Safety Consulting*,
   2020 WL 7425874 (D. Colo. Dec. 18, 2020) .........................................................................8

*Nowak v. Xapo, Inc.*,
   2020 WL 6822888 (N.D. Cal. Nov. 20, 2020) .......................................................................9

*Paccar Int'l v. Comm. Bank of Kuwait*,
   757 F.2d 1058 (9th Cir. 1985) .............................................................................................5, 6

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ................................................................................................1

*Reflex Media, Inc. v. Chan*,
   2020 WL 6694316 (C.D. Cal. Oct. 30, 2020) .........................................................................3

*Roth v. Garcia Marquez*,
   942 F.2d 617 (9th Cir. 1991) ..................................................................................................5

*Silk v. Bond*,
   65 F.4th 445 (9th Cir. 2023) ...................................................................................................5

*Sinatra v. Nat'l Enquirer*,
   854 F.2d 1191 (9th Cir. 1988) ................................................................................................5

*Umeda v. Tesla, Inc.*,
   2022 WL 18980 (9th Cir. Jan. 3, 2022) ..................................................................................7

*United States v. Janosko*,
   642 F.3d 40 (1st Cir. 2011) .....................................................................................................9

*United States v. Millot*,
    433 F.3d 1057 (8th Cir. 2006) ................................................................................................9

*Univ. Ent. Corp. v. Aruze Gaming Am., Inc.*,
    2020 WL 2840153 (D. Nev. May 30, 2020) ..........................................................................7

*In re Vizio, Inc.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017) ................................................................................10

*Walden v. Fiore*,
    571 U.S. 277 (2014) ........................................................................................................2, 4, 5

*Walsh v. Microsoft Corp.*,
    63 F. Supp. 3d 1312 (W.D. Wash. 2014) ...............................................................................8

*Will Co. v. Lee*,
    47 F.4th 917 (9th Cir. 2022) ...................................................................................................2

*Wilson v. Playtika, Ltd.*,
    349 F. Supp. 3d 1028 (W.D. Wash. 2018) .............................................................................7

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) (en banc) ...............................................................................1

**Statutes and Rules**

18 U.S.C. § 2 .................................................................................................................................9

18 U.S.C. § 1030(b) ......................................................................................................................9

18 U.S.C. § 1030(c) ......................................................................................................................8

18 U.S.C. § 1030(g) ......................................................................................................................8

Cal. Penal Code § 502(e)(1) .........................................................................................................9

Fed. R. Civ. P. 4(k)(2) ..................................................................................................................4

**Other Authorities**

88 Fed. Reg. 18,957 (Mar. 27, 2023) ...........................................................................................6

Mary Zhang, *Apple's Data Center Locations* (Sept. 15, 2022),
    https://dgtlinfra.com/apple-data-center-locations/ ................................................................4

Eddy Meiri, *Foreign Judgments Enforcement in Israel*,
    31 Int'l L. Practicum 39 (2018) ..............................................................................................7

## REPLY

A reader of Plaintiffs' opposition could be forgiven for thinking the plaintiff in this case is Apple. Plaintiffs base their assertion of personal jurisdiction, their opposition to *forum non conveniens*, and their attempt to invoke California law entirely on *Apple*'s supposed interests and harms. But Apple is not a plaintiff here, and Plaintiffs cannot sue on Apple's behalf or piggyback onto Apple's claims in a different lawsuit. Plaintiffs' desire to roleplay is understandable, however, since they are *foreign* citizens who were allegedly harmed in *foreign* countries by *foreign* actors' alleged access to their *foreign* devices. Those purely foreign claims do not belong in California or the United States, which have no interest in allowing their courts to police alleged privacy violations by foreign actors against foreign residents in foreign countries. The foreign nature of Plaintiffs' claims thus prevents this Court from exercising personal jurisdiction over NSO and renders this forum improper under *foreign non conveniens*. That aside, Plaintiffs do not adequately plead their claims. For all these reasons, the Court should dismiss the Complaint with prejudice.

## I.  NSO IS NOT SUBJECT TO PERSONAL JURISDICTION.

### A.  NSO is not subject to specific jurisdiction in California.

Plaintiffs essentially concede that what NSO allegedly did to *them* cannot support specific jurisdiction in California. They do not contend the sole basis of their claims—the alleged access to their devices in El Salvador—supports jurisdiction. Instead, they argue specific jurisdiction exists because NSO allegedly "accessed *Apple's* servers" to design its software. (Opp. 3-6 (emphasis added).) That is inadequate to support specific jurisdiction over NSO in this case.

*First*, Plaintiffs concede their "harms were not suffered in the forum." (Opp. 4.) That alone forecloses specific jurisdiction. (Mot. 2-3); *Alhathloul v. DarkMatter Grp.*, 2023 WL 2537761, at *8 (D. Or. Mar. 16, 2023). In arguing otherwise, Plaintiffs and their amici simply ignore binding Ninth Circuit precedent requiring that "a jurisdictionally sufficient amount of harm [be] suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc); *see Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 265 (2017) (holding California court lacked jurisdiction over "nonresidents" who "were not injured … in California"); *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (requiring "injury" that is

"tethered to California").[1] Plaintiffs also assert jurisdiction based on *Apple*'s alleged harms (Opp. 7), but that is improper. The "focus … of the jurisdictional analysis must be on the foreseeability of harm caused in the forum to the plaintiff, not to a third party." *Alhathloul*, 2023 WL 2537761, at *8.[2] The cases Plaintiffs cite all involved in-forum harm *to the plaintiff*.[3]

**Second**, the Ninth Circuit has rejected Plaintiffs' argument (Opp. 3-4) that the "purposeful availment" test applies when a foreign defendant accesses a U.S. server from a foreign country. *Hungerstation*, 857 F. App'x at 351. In such a case, the "alleged tortious conduct … '[is] committed outside the forum,'" so "a 'purposeful direction analysis naturally applies.'" *Id.*; *see Will*, 47 F.4th at 922-26 (applying purposeful direction test to nonresident defendant's alleged access to U.S. servers). Anyway, Plaintiffs and their amici's discussion of purposeful availment is a red herring because NSO's alleged use of Apple's servers is not "tortious conduct." (Opp. 3-4.) Plaintiffs do not sue NSO for accessing Apple's servers to design its technology or claim that alleged conduct violated any law. (Even *Apple* does not claim the alleged access to its servers was tortious.) Plaintiffs sue for the subsequent alleged *use* of NSO's technology to access *Plaintiffs' devices* in El Salvador. (FAC ¶¶ 53, 137, 141-64.) That alleged conduct did not occur in California, so it cannot support specific jurisdiction. *Alhathloul*, 2023 WL 2537761, at *5, 8.[4]

**Third**, Plaintiffs do not adequately plead NSO accessed any California server because their

---

[1] Plaintiffs' and their amici's citation to *Walden v. Fiore*, 571 U.S. 277, 290 (2014), is misplaced; *Walden* held in-forum injury is *insufficient*, not *unnecessary*. The plaintiff in *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 983 (9th Cir. 2021), suffered "injuries in the United States."

[2] *Accord Kazakhstan v. Ketebaev*, 2017 WL 6539897, at *9 (N.D. Cal. Dec. 21, 2017); *Enigma Software Grp. USA LLC v. Malwarebytes Inc.*, 2021 WL 3493764, at *8 (N.D. Cal. Aug. 9, 2021).

[3] *Will Co. v. Lee*, 47 F.4th 917, 919, 926-27 (9th Cir. 2022); *Burri Law PA v. Skurla*, 35 F.4th 1207, 1215-16 (9th Cir. 2022); *Hydentra HLP Int'l Ltd. v. Sagan Ltd.*, 783 F. App'x 663, 665 (9th Cir. 2019).

[4] None of Plaintiffs' cases involved a foreign defendant who accessed foreign plaintiffs' computers in foreign countries by sending messages over a third party's server. The plaintiff in *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 601-02 (9th Cir. 2018), made defamatory statements while physically in the forum state. The defendants in *42 Ventures, LLC v. Mav*, 2022 WL 240030, at *3-4 (D. Haw. June 15, 2022), and *HB Prods., Inc. v. Faizan*, 603 F. Supp. 3d 910, 930-31 (D. Haw. 2022), placed their *own* servers in the forum. The defendants in *Climax Portable Mach. Tools, Inc. v. Trawema GmbH*, 2020 WL 1304487, at *3-4 (D. Or. Mar. 19, 2020), specifically targeted the *plaintiff's own* computers in the forum. The defendant in *DEX Sys. v. Deutsche Post AG*, 727 F. App'x 276, 278 (9th Cir. 2018), accessed the plaintiff's own servers in the forum *and* controlled where those servers were located.

allegations are all based "[o]n information and belief." (FAC ¶¶ 3, 41.) Such allegations are *not* "taken as true" (Opp. 3 n.1) unless Plaintiffs plead the factual basis for their belief. *Amarte USA Holdings, Inc. v. G.L.E.D. Cosmetics US Ltd.*, 2020 WL 10322586, at *2 (S.D. Cal. Dec. 15, 2020); (Mot. 4).[5] Plaintiffs plead no factual basis for their belief that NSO accessed California servers. Those unsupported "jurisdictional allegations based on information and belief are insufficient to confer jurisdiction." *Reflex Media, Inc. v. Chan*, 2020 WL 6694316, at *3 (C.D. Cal. Oct. 30, 2020).

**Fourth**, courts unanimously hold that the use of a third party's servers cannot support specific jurisdiction. (Mot. 4-5.) Plaintiffs cite no case holding otherwise. To the contrary, a court in this Circuit recently rejected specific jurisdiction based on allegations no different than Plaintiffs'. *Alhathloul*, 2023 WL 2537761, at *5-8. There, as here, a foreign plaintiff accused a foreign defendant of using Apple "servers located in the United States" to send malware to her iPhone. *Id.* at *2, 5. The court held that could not support specific jurisdiction. *Id.* at *5. It rejected the plaintiff's argument, identical to Plaintiffs' here, that the defendant committed a tort in the United States "because the computer manipulated to commit the tort was [the] [p]laintiff's phone, not Apple's servers." *Id.* (cleaned up).[6] So too here. Like the plaintiff in *Alhathloul*, Plaintiffs allege the "messages transmitted from [NSO] to Plaintiffs contained an exploit and malware before they reached Apple's servers." *Id.* (cleaned up); (*see* FAC ¶ 43). And like the plaintiff in *Alhathloul*, Plaintiffs do not allege NSO "commit[ted] any illegal act directly to Apple's servers." 2023 WL 2537761, at *5. Plaintiffs' claims are based on the alleged "hack" and "surveillance" of *their devices*, which "occurred outside of the forum state." *Id.* at *8.

*Alhathloul* also rejected the argument, identical to Plaintiffs', that the defendants targeted the forum by "us[ing] Apple's U.S.-based servers to hack [the] [p]laintiff's phone." *Id.* at *6. Even if the defendants "targeted Apple's servers to exploit vulnerabilities in Apple's iMessage system," the court held, that would show only that the defendants "purposefully directed their conduct at a

---

[5] *Accord Gavino v. Saia Motor Freight Line LLC*, 2023 WL 289815, at *3 (C.D. Cal. Jan. 5, 2023); *Boruta v. JPMorgan Chase Bank, N.A.*, 2019 WL 4010367, at *5 (N.D. Cal. Aug. 26, 2019).

[6] *Alhathloul* even distinguished the same inapposite cases Plaintiffs cite here. *Id.* at *5-8 & n.4 (distinguishing *Climax*, *Will*, *DEX*, *42 Ventures*, and *WhatsApp*). Plaintiffs claim the *Alhathloul* defendant "purchased exploits developed by others" (Opp. 4 n.2), but they cannot explain why that matters when they challenge the alleged *use* of NSO's technology, not its initial design.

third party—Apple, whose choice to host their servers in the United States is entirely unrelated to the conduct at issue in [the] complaint." *Id.* The same is true here. (Mot. 4-5.) Plaintiffs argue NSO "targeted Apple, a California company" (Opp. 5), but allegedly targeting a California *resident* does not show NSO targeted *California*. *Walden*, 571 U.S. at 289-90; *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069-70 (9th Cir. 2017). Plaintiffs also argue Apple having servers "where it is based" is not "happenstance" (Opp. 5), but whether or not the location of Apple's servers is happenstance *for Apple*,[7] it is "pure happenstance" *for NSO*. *Hungerstation LLC v. Fast Choice LLC*, 2020 WL 137160, at *5 (N.D. Cal. Jan. 13, 2020). Plaintiffs do not allege NSO controlled the location of Apple's servers or chose the server any particular message passed through.[8] NSO cannot be dragged into California "based on the choice of a third party not before this Court" to locate some of its servers there. *Alhathloul*, 2023 WL 2537761, at *8.

**B.    NSO is not subject to nationwide jurisdiction under Rule 4(k)(2).**

Plaintiffs' argument for jurisdiction under Rule 4(k)(2) (Opp. 9) fails for the same reasons as their argument for specific jurisdiction: "[T]he location of Apple's servers in the United States is 'fortuitous,'" so NSO's alleged "conduct was not expressly aimed at the United States." *Alhathloul*, 2023 WL 2537761, at *6. Plaintiffs also do not allege, as they must, that they "suffered" any "harm" in the United States. *Hungerstation*, 847 F. App'x at 351.

**C.    Exercising personal jurisdiction over NSO would be unreasonable.**

The Ninth Circuit in *Hungerstation*, 857 F. App'x at 352, and the court in *Alhathloul*, 2023 WL 2537761, at *9-11, found personal jurisdiction unreasonable based on allegations just like Plaintiffs'. Here too, personal jurisdiction over NSO would be unreasonable. (Mot. 5-6.)

*First*, Plaintiffs' claims have no connection to California or the United States and will severely burden NSO. (Mot. 6.) NSO's "allegedly tortious conduct—sending an iMessage from a foreign locale, transmitted through U.S.-based servers, to a foreign phone with intent to hack the

---

[7] In fact, Apple's California data center is the smallest of its five U.S. data centers. Apple also has foreign data centers in Denmark and China. Mary Zhang, *Apple's Data Center Locations* (Sept. 15, 2022), https://dgtlinfra.com/apple-data-center-locations/. Plaintiffs allege no basis to believe NSO ever targeted a server in Apple's California data center specifically.

[8] Plaintiffs' cases involved defendants who, unlike NSO, owned or "'specifically chose servers' in the forum." (Opp. 6 (quoting *42 Ventures*, 2022 WL 2400030, at *4)).

phone in the foreign locale—presents no 'purposeful interjection' into United States' affairs." *Alhathloul*, 2023 WL 2537761, at *9; *see Hungerstation*, 857 F. App'x at 352. NSO "is incorporated in [Israel], owns no property in the forum, and has no employees" there. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125-26 (9th Cir. 2002). All of NSO's witnesses and evidence (including highly regulated export-controlled material), and almost all Plaintiffs and their evidence, are overseas. *Hungerstation*, 857 F. App'x at 352. And Plaintiffs are "nonresident[s]," which automatically weighs against jurisdiction. *Id.*; *Paccar Int'l v. Comm. Bank of Kuwait*, 757 F.2d 1058, 1064-65 (9th Cir. 1985). Any minimal convenience to Plaintiffs from litigating in the United States is an "insignificant" factor. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993); *see Walden*, 571 U.S. at 284 ("limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs").[9]

Plaintiffs' only real response is to point out that NSO has been sued by other plaintiffs in California (Opp. 8), but that is irrelevant. Plaintiffs have to establish personal jurisdiction with respect to *their own claims*; they cannot base jurisdiction in this case on the mere existence of other cases.[10] In any event, NSO has challenged personal jurisdiction or moved to dismiss under *forum non convieniens* (or both) in all three of those cases.[11]

**Second**, this lawsuit conflicts with Israel's sovereignty and does not implicate any local

---

[9] Plaintiffs' cases are inapposite. The Ninth Circuit has limited *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191 (9th Cir. 1988), to cases in which the defendant has a "physical presence or agent within the United States," *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991) (cleaned up). The plaintiff in *Ayla* was a California corporation, and the defendant had shipped and sold its goods throughout the United States. 11 F.4th at 976, 980-82, 984. The defendant in *Silk v. Bond*, 65 F.4th 445, 458-49 (9th Cir. 2023), was a U.S. resident who "created a multi-year business relationship" with a California citizen. NSO, in contrast, is a foreign corporation with "no ongoing connection to or relationship with the United States." *Core-Vent*, 11 F.3d at 1488. The "burden" on NSO, therefore, is "particularly great." *Id.*

[10] Contrary to Plaintiffs' insinuation, *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir. 1984), did not find jurisdiction reasonable because the defendant had been sued in *other* lawsuits. Rather, the defendant was subject to personal jurisdiction with respect to other claims in the *same lawsuit*. 743 F.2d at 1333. And this Court's finding that this case and the *Apple* case are related under Local Rule 3-12(a) (Dkt. 36), has nothing to do with personal jurisdiction.

[11] *WhatsApp*, No. 4:19-cv-07123, Dkt. 45 at 11-16, Dkt. 163 at 3; *Apple Inc. v. NSO Grp. Techs. Ltd.*, No. 3:21-cv-09078 (N.D. Cal.), Dkt. 48 at 4-8; *Corallo v. NSO Grp. Techs. Ltd.*, No. 3:22-cv-05229 (N.D. Cal.), Dkt. 60 at 4-14.

interest. (Mot. 6.) The sovereignty factor always weighs against jurisdiction when the "defendant is from a foreign nation." *Amoco Egypt Oil Co. v. Leonis Nav. Co.*, 1 F.3d 848, 852 (9th Cir. 1993); *see Paccar*, 757 F.2d at 1065. And Israel heavily regulates NSO's business, approves the licensing of its technology, and restricts the transfer of information related to that technology. (Shohat Decl. ¶¶ 3, 5-9.) Plaintiffs' claims, moreover, "relate to conduct carried out at the behest of [a foreign] government"—namely, El Salvador—which further "counsels against exercising jurisdiction." *Alhathloul*, 2023 WL 2537761, at *10. In contrast, neither California nor the United States have any interest in a lawsuit brought by foreign plaintiffs against foreign defendants related to actions allegedly committed in and by foreign countries. *Id.*; *Paccar*, 757 F.2d at 1065.

## II. THE COMPLAINT SHOULD BE DISMISSED FOR *FORUM NON CONVENIENS*.

For similar reasons, Plaintiffs' purely foreign claims should be dismissed for *forum non conveniens*. Plaintiffs do not deny Israel is an adequate alternative forum (Opp. 9), and the public and private factors overwhelmingly favor dismissal (Mot. 7-9).

***Public factors.*** California has no interest in protecting foreign Plaintiffs who have never lived in California and who claim to have been injured in foreign countries by foreign actors. Plaintiffs argue California has an "interest in protecting California companies" (Opp. 10), but *Plaintiffs are not a California company*. "Apple is not a party to this action and its interests cannot be considered" in deciding whether Plaintiffs' claims can proceed in California. *Alhathloul*, 2023 WL 2537761, at *11. As for the United States, Plaintiffs cite no case holding that the *United States*' supposed interests are relevant to whether *California* is a proper forum. That aside, the Executive Order Plaintiffs cite does not mention NSO and is limited to the *United States' use* of "commercial spyware." 88 Fed. Reg. 18,957 (Mar. 27, 2023). The United States' own decision not to use certain technologies under specific conditions reflects no interest in this lawsuit, and it does not give U.S. courts a roving commission to punish alleged privacy violations occurring entirely overseas. Israel, in contrast, has a strong interest in a lawsuit against an Israeli corporation based on the alleged use of a technology the Israeli government approves and regulates. (Shohat Decl. ¶¶ 3, 5-9).

***Private factors.*** Plaintiffs do not dispute NSO is located in Israel and has no property, employees, witnesses, or evidence in California. (Opp. 10-11.) Nor do Plaintiffs dispute that *they* all

live outside California and that all of *their* witnesses and evidence are in other states or countries. (*Id.*) It is hard to imagine a stronger case for *forum non conveniens*; Plaintiffs cite no case finding a forum proper when *all* the parties, witnesses, and evidence are outside the forum.[12] Plaintiffs also cannot rebut NSO's showing that its evidence will be unavailable in this Court. (Mot. 8.) Many witnesses will be *former* NSO employees, whose "availability" NSO does not "control" (Opp. 11) and whose appearance this Court cannot compel. *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1451 (9th Cir. 1990). And Israel's Defense Export Control Law prohibits NSO—at pain of criminal prosecution—from transferring information about its technology outside of Israel. (Shohat Decl. Exh. A §§ 15(a)(2), 32(a).) So even if Israeli witnesses could be deposed in Israel (Opp. 11), their testimony could not be transferred into the United States for use in this case. This will impair the parties' access to evidence and pose "practical problems" throughout discovery and trial. *Umeda v. Tesla, Inc.*, 2022 WL 18980, at *1 (9th Cir. Jan. 3, 2022). If the case were brought in Israel, on the other hand, the evidence and testimony would remain wholly within Israel, and an Israeli court could structure discovery to avoid export control concerns.

Any judgment against NSO would also "be easier to enforce" in Israel, which "weighs strongly in favor of dismissal." *Alt. Health USA Inc. v. Edalat*, 2022 WL 767573, at *9 (C.D. Cal. Mar. 14, 2022). Plaintiffs do not disagree, claiming only that Israel's Foreign Judgments Enforcement Law allows for the enforcement of some foreign judgments. (Opp. 11.) But under that law, the plaintiff must prove the judgment "is not in contrast to public policy," and Israeli courts will not enforce a judgment that "might be detrimental to Israel's sovereignty or security." Eddy Meiri, *Foreign Judgments Enforcement in Israel*, 31 Int'l L. Practicum 39, 41 (2018). Plaintiffs do not address these conditions for enforcement.

### III.   THE COMPLAINT DOES NOT STATE A CLAIM AGAINST NSO.

---

[12] The defendant in *Carijano v. Occidental Petrol. Corp.*, 643 F.3d 1216, 1230 (9th Cir. 2011), and the plaintiff in *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028, 1039 (W.D. Wash. 2018), were residents of the forum state. *Univ. Ent. Corp. v. Aruze Gaming Am., Inc.*, 2020 WL 2840153, at *17 (D. Nev. May 30, 2020), addressed a motion to dismiss *counterclaims* in a lawsuit that was already proceeding in the forum. *Facebook, Inc. v. Studivz Ltd.*, 2009 WL 1190802, at *2-3 (N.D. Cal. May 4, 2009), held the case should *not* proceed in California.

### A. Plaintiffs do not state a CFAA claim.

Even taking all of Plaintiffs' allegations as true, they do not plead a cause of action under the CFAA's "limited" terms. *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019).

*First*, Plaintiffs do not plead the economic "damage or loss" necessary to bring a civil CFAA action. (Mot. 9-12). Even if the mere "installation of spyware" were "damage" (Opp. 12)— and it is not (Mot. 10)—it is not "*economic* damage[]." 18 U.S.C. § 1030(g) (emphasis added). Neither is the "time" Plaintiffs allegedly "spen[t] investigating and remediating the attacks." (Opp. 13.) Lost time is not itself economic loss, *see MSC Safety Sols. v. Trivent Safety Consulting*, 2020 WL 7425874, at *9 (D. Colo. Dec. 18, 2020), and Plaintiffs allege no facts suggesting that *their* time had economic value. Plaintiffs do not allege, for example, that they are paid an hourly rate by El Faro, that they were not paid for their time assisting the investigation, or that their time spent assisting the investigation kept them from getting paid for other work. Nor are Plaintiffs employers who allegedly lost the value of their employees' time, as in the only case they cite, *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1066 (9th Cir. 2016).

The only "financial losses" Plaintiffs identify is that some of them allegedly purchased new "hard drives, security software, or devices." (Opp. 13.) But Plaintiffs do not allege NSO's software accessed their hard drives, so the cost of *new* hard drives is not loss related to NSO's alleged CFAA violation. Similarly, the alleged purchase of "security cameras and a smart doorbell" (FAC ¶ 127) has no relation to NSO's alleged access to Plaintiffs' Apple devices. Such "general injuries unrelated to the hacking itself" do not qualify as "loss." *Andrews*, 832 F.3d at 1262-63; *accord Custom Packaging Supply, Inc. v. Phillips*, 2016 WL 1532220, at *4-5 (C.D. Cal. Apr. 15, 2016). Plaintiffs also do not allege how much they spent on their new devices, so they do not plead those expenses satisfy the $5,000 threshold.

*Second*, Plaintiffs may not rely on non-party El Faro's alleged injuries to satisfy the CFAA's "damage or loss" requirement. (Opp. 14.) Although a criminal prosecution may be based on loss to "persons" generally, 18 U.S.C. § 1030(c), CFAA's civil provision requires the *plaintiff* to have "suffere[d] damage or loss," *id.* § 1030(g). In a civil action, that necessarily limits the $5,000 threshold, *id.* § 1030(c)(4)(A)(i)(I), to a plaintiff's own losses. *Walsh v. Microsoft Corp.*,

63 F. Supp. 3d 1312, 1320 (W.D. Wash. 2014). Plaintiffs cite no case allowing a private plaintiff to bring a CFAA claim based on a non-party's losses.[13] And absent El Faro's alleged losses, Plaintiffs do not claim their *individual* losses, even if aggregated, totaled $5,000 in one year.

**Third**, the CFAA does not allow civil aiding and abetting liability. Plaintiffs argue "the CFAA embraces secondary liability" (Opp. 14), but it expressly does so only through a *conspiracy* theory. 18 U.S.C. § 1030(b); *Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, 2011 WL 2847712, at *3 (D. Nev. July 15, 2011). Far from supporting Plaintiffs, Congress's "choice to impose some forms of secondary liability, but not others," *precludes* reading aiding and abetting liability into the CFAA. *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 184 (1994); *see Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1005-06 (9th Cir. 2006). Plaintiffs' contrary argument is irreconcilable with *Bank of Denver* and *Freeman*. (Mot. 12-13).[14]

### B. Plaintiffs do not state California law claims.

As NSO explained, Plaintiffs cannot and do not state a claim against NSO under California law. (Mot. 13-15.) Plaintiffs' responses have no merit.

*First*, California law cannot be applied to Plaintiffs' claims. As with their jurisdictional arguments, Plaintiffs seek to avoid the limits on extraterritorial enforcement of California law by invoking Apple's interests and claiming NSO used "Apple's infrastructure in California." (Opp. 15.) Setting aside Plaintiffs' failure adequately to allege NSO accessed California servers, *supra* at 2-3, Plaintiffs cannot sue NSO for that alleged conduct. A CDAFA claim may be brought only by "the owner or lessee" of the accessed "computer," Cal. Penal Code § 502(e)(1), and Plaintiffs do not own or lease Apple's servers. Plaintiffs likewise cannot claim a privacy interest or property right

---

[13] Two of Plaintiffs' cited cases were criminal prosecutions, which are not subject to the civil "damage or loss" requirement. *United States v. Janosko*, 642 F.3d 40 (1st Cir. 2011); *United States v. Millot*, 433 F.3d 1057 (8th Cir. 2006). Plaintiffs' third case, *Mintz v. Mark Bartelstein & Assocs.*, 906 F. Supp. 2d 1017, 1029 & n.3 (C.D. Cal. 2012), *dismissed* a CFAA claim because the plaintiff *himself* had not suffered the claimed "loss."

[14] *COR Sec. Holdings Inc. v. Banc of Cal.*, 2018 WL 4860032, at *7 (C.D. Cal. Feb. 12, 2018), erroneously relied on the availability of aiding-and-abetting liability "for criminal violations," which depends on the general aiding and abetting statute for criminal offenses, *not* on the CFAA. *See* 18 U.S.C. § 2; *Cent. Bank of Denver*, 511 U.S. at 181-82. Plaintiffs' other cases did not decide the issue one way or another. *Fraser v. Mint Mobile*, 2022 WL 1240864, at *5 (N.D. Cal. Apr. 27, 2022); *Nowak v. Xapo, Inc.*, 2020 WL 6822888, at *4 (N.D. Cal. Nov. 20, 2020).

in Apple's servers, as is required for their privacy and trespass to chattels claims. *In re Vizio, Inc.*, 238 F. Supp. 3d 1204, 1232 (C.D. Cal. 2017); *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1348 (2003). Instead, Plaintiffs' claims depend on the alleged access to their own devices, which occurred entirely overseas. California law does not apply to such foreign conduct. (Mot. 13-14.)

**Second**, Plaintiffs concede their CDAFA and trespass to chattels claims depend on the same allegations of "damage" as their CFAA claims. (Opp. 15.) Because Plaintiffs plead no such damage, their claims should be dismissed. (Mot. 14-15.) With respect to trespass to chattels in particular, Plaintiffs do not deny that they have not alleged "*physical* harm or impairment to [their] phones," which is what the tort requires. *Fields v. Wise Media, LLC*, 2013 WL 5340490, at *5 (N.D. Cal. Sept. 24, 2013) (emphasis added); *see WhatsApp*, 472 F. Supp. 3d at 684. The alleged disabling of "one feature of a particular software application"—particularly a "reporting" feature that operates in the background and does not affect the phone's functionality (FAC ¶ 40)—does not support a trespass claim. *Mount v. PulsePoint, Inc.*, 2016 WL 5080131, at *10 (S.D.N.Y. 2016). And Plaintiffs' alleged inability "to use their own devices" for secure communications (Opp. 15 n.7) is an "interest[] in privacy" that trespass to chattels does not "protect." *Casillas v. Berkshire Hathaway Homestate Ins. Co.*, 79 Cal. App. 5th 755, 765 (2022). Courts have rejected trespass claims based on allegations like Plaintiffs' (Mot. 14-15 & n.10), and Plaintiffs do not distinguish those cases or cite any case holding otherwise.[15]

### IV.  CONCLUSION

The Court should dismiss Plaintiffs' Complaint with prejudice.

DATED: June 2, 2023

KING & SPALDING LLP

By: */s/Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
Attorneys for Defendants NSO and Q Cyber

---

[15] The plaintiffs in *In re Apple Device Perf. Litig.*, 347 F. Supp. 3d 434, 455 (N.D. Cal. 2018), alleged the trespass "impaired the functioning of their iPhones by substantially slowing their processing speed." Plaintiffs allege no such "significant reduction in performance." *Id.*