JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>Defendants. | Case No. 3:22-cv-07513-JD<br>[*Honorable James Donato*]<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF [PROPOSED] PROTECTIVE ORDER**<br><br>Date:    September 28, 2023<br>Time:    10:00 a.m.<br>Ctrm:    11<br><br>Action Filed:   11/30/2022 |

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 28, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, Defendants NSO Group Technologies LTD. ("NSO") and Q Cyber Technologies LTD. ("Q Cyber") will move under Federal Rule of Civil Procedure 26(c) for entry of [Proposed] Protective Order. The Motion will be based on the accompanying memorandum of points and authorities; the supporting Declaration of Aaron S. Craig and exhibits; the Proposed Protective Order; the pleadings and other docketed materials in this matter; and any subsequent argument or evidence presented to the Court, whether in briefing or at any hearing.

The undersigned certifies that Defendants have in good faith conferred with Plaintiffs in an effort to resolve the dispute without court action, but those attempts have been unsuccessful.

DATED: August 17, 2023                          KING & SPALDING LLP

By: */s/ Aaron S. Craig*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LTD. and Q CYBER
    TECHNOLOGIES LTD.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In commercial litigation, protective orders are routinely entered to ensure that confidential materials are handled appropriately during discovery. The standard for entering the order is good cause—and orders are almost always submitted by stipulation.

After Defendants filed their motion to dismiss, they learned of highly sensitive confidential information related to the pending motion. Defendants sought to share that information as soon as possible with the Court. Because Defendants cannot share highly sensitive information with Plaintiffs' counsel without a protective order in place, Defendants proposed a stipulated protective order that very closely tracks the U.S. District Court for the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. Plaintiffs refused to agree to the standard protective order, repeatedly attempting to weaken the protective order by taking out crucial provisions and modifying others in unacceptable ways. Despite Defendants' diligence over the course of several weeks to work with Plaintiffs' counsel to come to an agreement on the protective order, Plaintiffs refused to agree to a stipulated order that follows the Court's model order, and the parties are now at an impasse. As a result, Defendants are forced to bring this Motion. Given the fact that Defendants' Proposed Protective Order follows the Court's model order, good cause exists to grant this Motion.

## II. FACTUAL BACKGROUND

On November 30, 2022, Plaintiffs filed a Complaint against Defendants, *see* ECF No. 1, and filed an Amended Complaint on December 16, 2022. *See* ECF No. 31. Plaintiffs—a collection of Salvadoran journalists—allege that their devices and personal data were accessed and stolen by Defendants' Pegasus software. *Id.* ¶¶ 4-5. Plaintiffs do not identify any case-related contacts that NSO intentionally created with California or the United States and do not allege that any of NSO's alleged conduct injured them in California or the United States. This lawsuit also involves purely foreign plaintiffs and foreign defendants, with foreign alleged conduct, where substantially all of the relevant evidence is located overseas. Thus, on April 14, 2023, Defendants

moved to dismiss the amended complaint based on lack of personal jurisdiction, improper forum under the doctrine of *forum non conveniens*, and for failure to plead any viable claim for relief. *See* ECF No. 42.

After Defendants filed the motion to dismiss, they obtained extremely sensitive confidential information relevant to the pending motion to dismiss, which Defendants sought to share with the Court. As a first step, however, a confidentiality protective order is necessary to enable Defendants to meet certain legal obligations relating to the confidential information. Accordingly, on July 13, 2023, Defendants sent Plaintiffs a proposed stipulated protective order, based on the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, and the parties had a videoconference the same day. *See* Declaration of Aaron S. Craig ("Craig Decl.") ¶ 2. Despite the proposed stipulated order being a standard protective order, Plaintiffs' counsel would not provide their position until August 1, 2023, at which point they sent a revised version which took out many necessary provisions from the model protective order. Plaintiffs' draft further provided that the Protective Order did not apply to material obtained by a Receiving Party "from a source who obtained the information not in violation of this Order." *See id.* ¶ 3. This is an unreasonable narrowing of this Court's model language, which provides that the protective order does not cover Protected Material only if it is obtained by the Receiving Party "from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party." On August 7, 2023 counsel for Defendants sent Plaintiffs' counsel a redline to their stripped-down version of the proposed protective order, reverting to the standard language in key areas, including the scope of the Protective Order. *See id.* ¶ 4. Then, on August 9, 2023, Plaintiffs' counsel sent Defendants a redline, reinserting their preferred "from a source who obtained the information not in violation of this Order" language. *See id.* ¶ 5. The parties then had another videoconference to try to resolve the issues, but were unable to do so. *See id.*

Accordingly, Defendants are forced to seek the Court's intervention and file this Motion, as well as an administrative motion for an order shortening time on this Motion. Defendants ask the Court to enter the standard protective order so that Defendants can share the new information

related to the pending motion to dismiss as soon as possible.

**III.    ARGUMENT**

The Federal Rules of Civil Procedure permit courts, on a showing of good cause, to enter protective orders specifying the terms of discovery and restricting the production of confidential information. *See* Fed. R. Civ. Proc. 26(c)(1).  In commercial litigation, courts "routinely" approve "blanket protective orders" to govern the handling of materials produced in pretrial discovery. *See, e.g.*, *Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.*, No. C 09-5376 JF (PVT), 2010 WL 2889178, at *1 (N.D. Cal. July 22, 2010).  The party seeking entry of the protective order need only "make some threshold showing of good cause to believe that discovery will involve confidential or protected information" and agree to invoke confidentiality designations in good faith. *Id.*  Should a party refuse to stipulate to such an order without legitimate reason, sanctions may be warranted. *Id.* at *4.

In this case, Defendants are simply seeking the entry of a protective order that strictly tracks the Court's Model Protective Order, so Defendants can share highly sensitive information relevant to the pending motion to dismiss.  Defendants intend to seek leave to file the highly sensitive information as a supplemental filing to their pending motion to dismiss, file such information under seal, and provide them to Plaintiffs' counsel on an attorney's eyes-only basis. Defendants are required to take these measures to comply with certain legal obligations relating to the confidential information.  For Defendants to do so, there must be a protective order in place to prevent Plaintiffs' counsel from publishing or disclosing the information they receive.  A redline comparing Defendants' Proposed Protective Order to the Court's Model Order is attached as Exhibit B to the Declaration of Aaron S. Craig.  As shown by Exhibit B, the entirety of the Proposed Protective Order is directly from the Court's model order.

Plaintiffs' counsel has not identified any prejudice that would result from the entry of the Proposed Protective Order.  Again, such orders are "routinely" entered in complex litigation and the refusal to stipulate may warrant sanctions.  *See Quality Inv. Properties Santa Clara, LLC*, 2010 WL 2889178, at *4.

For all these reasons, good cause exists to enter the Proposed Protective Order.

## IV. CONCLUSION

For the reasons stated above, Defendants request that the Court grant their Motion and enter the Proposed Protective Order submitted with the Motion.

DATED: August 17, 2023

KING & SPALDING LLP

By: /s/ Aaron S. Craig
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.