JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
  acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:     (213) 443-4355
Facsimile:      (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD.,<br><br>Defendants. | Case No. 3:22-cv-07513-JD<br>[*Honorable James Donato*]<br><br>**DECLARATION OF AARON S. CRAIG IN SUPPORT OF MOTION FOR ENTRY OF [PROPOSED] PROTECTIVE ORDER AND UNOPPOSED ADMINISTRATIVE MOTION SHORTENING TIME FOR BRIEFING AND HEARING ON MOTION FOR ENTRY OF [PROPOSED] PROTECTIVE ORDER (CIVIL L.R. 6-3)**<br><br>Date:     September 28, 2023<br>Time:    10:00 a.m.<br>Ctrm:    11<br><br>Action Filed:   11/30/2022 |

I, Aaron S. Craig, declare as follows:

1.     I am an attorney licensed to practice law in the State of California. I am a partner at the law firm of King & Spalding LLP, and I am counsel for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited in the above-entitled action. I submit this declaration in support of Defendants' Motion for Entry of [Proposed] Protective Order ("Motion"). I have personal knowledge of the matters stated here, and if asked to testify to them, I would do so competently.

2.     On July 13, 2023, I contacted Plaintiffs' counsel informing them that Defendants intend to provide them, on an attorney's eyes-only basis, and the Court, under seal, with certain information relevant to Plaintiffs' case and Defendants' pending motion to dismiss and that before Defendants can do so, they are required to obtain an entry of a confidentiality order. I attached a proposed stipulated protective order with language taken directly from the U.S. District Court for the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. That same day, the parties had a videoconference to discuss the proposed stipulated protective order.

3.     I followed up with Plaintiffs' counsel several times to request comments, and on August 1, 2023, Plaintiffs' counsel finally sent me a "streamlined model protective order" which essentially took out many essential provisions from the Court's model protective order and provided that the Protective Order did not apply to material obtained by a Receiving Party "from a source who obtained the information not in violation of this Order." This is unacceptably narrow. The model order (and Defendants' proposed order) provides that the Protective Order does not apply to information obtained by the Receiving Party "from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party."

4.     On August 7, 2023, I sent Plaintiffs' counsel a revised draft, reverting to the standard language in key areas, including the language governing the scope of the Protective Order.

5. On August 9, 2023, Plaintiffs' counsel sent Defendants a redline, reinserting their unacceptable "from a source who obtained the information not in violation of this Order" language. Later that day, I had a videoconference with Plaintiffs' counsel to discuss their redline, and determined we were at an impasse.

6. Attached as **Exhibit A** are true and correct copies of the meet-and-confer communications between the parties.

7. NSO seeks to disclose the highly sensitive information to Plaintiffs' counsel and to this Court as soon as possible because it is related to the pending motion to dismiss for *forum non conveniens*. A protective order must be entered before Defendants can share this information with the Court and Plaintiffs' counsel. Defendants therefore seek to shorten time for briefing the Motion for Entry of the Protective Order.

8. After meeting and conferring, Plaintiffs' counsel agreed to shorten time. They specifically agreed that Plaintiffs' opposition to the Motion for Entry of the Protective Order should be filed within 8 days after the Motion is filed, and that Defendants' reply would be filed within 2 calendar days after Plaintiffs' opposition is filed.

9. Attached as **Exhibit B** is a true and correct copy of a redline showing the differences between Defendants' Proposed Protective Order and the U.S. District Court for the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 17th day of August 2023, at Los Angeles, California.

AARON S. CRAIG