PAUL HOFFMAN #71244
JOHN WASHINGTON #315991
Schonbrun, Seplow, Harris,
  Hoffman & Zeldes LLP
200 Pier Avenue, Suite 226
Hermosa Beach, CA 90254
T: (424) 297-0114
F: (310) 399-7040
hoffpaul@aol.com

*Counsel for all Plaintiffs**

**See Signature Page for Complete List of Plaintiffs*

CARRIE DECELL, *Pro Hac Vice*
JAMEEL JAFFER, *Pro Hac Vice*
ALEX ABDO, *Pro Hac Vice*
STEPHANIE KRENT, *Pro Hac Vice*
EVAN WELBER FALCÓN, *Pro Hac Vice*
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
F: (646) 661-3361
carrie.decell@knightcolumbia.org

*Counsel for all Plaintiffs**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 3:22-cv-07513-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Hearing Date: [None set]<br>Ctrm: 11 |

Case No. 3:22-cv-07513-JD                                                    OPPOSITION TO MOT. FOR PROTECTIVE ORDER

# INTRODUCTION

Defendants NSO Group and Q Cyber move the Court for entry of a blanket protective order so they can file "information" in support of a motion to dismiss that was fully briefed many weeks ago. Defs.' Mot. for Entry of Protective Order 2 ("PO Mot."), ECF No. 56. Contrary to Defendants' suggestion, Plaintiffs' counsel negotiated diligently with Defendants' counsel to resolve this dispute. But the broad order Defendants propose is not authorized by the rule they invoke; is not necessary or appropriate at this stage of the litigation; and would unfairly prejudice Plaintiffs. If the Court imposes any protective order at this stage of the litigation, it should impose a limited one that applies only to the information that Defendants seek to introduce now—not to a discovery process that has not yet begun—and one that does not unwarrantedly burden Plaintiffs' ability to disclose information received from other sources.

# BACKGROUND

Plaintiffs filed their Amended Complaint on December 16, 2022. ECF No. 31. Defendants filed their Motion to Dismiss on April 14, 2023, ECF No. 42, and a Corrected Motion to Dismiss on April 21, ECF No. 46. Defendants' motion to dismiss was fully briefed by June 2, ECF No. 54, and remains pending before the Court. The parties have not yet held a Rule 26(f) conference or otherwise sought to initiate discovery. *See* Declaration of Carrie DeCell ("DeCell Decl.") ¶ 14.

On Thursday, July 13, 2023, Defendants' counsel emailed Plaintiffs' counsel, stating that Defendants intended to provide them and the Court with "certain information" related to the pending motion to dismiss and attaching a proposed blanket protective order. *Id.* ¶ 5. Plaintiffs' counsel joined a videoconference with Defendants' counsel later that day. *See id.* The next day, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs would object to any new filing related to the fully briefed motion to dismiss, but were willing to begin negotiating a stipulated protective order in anticipation of discovery. *Id.* ¶ 6. Over the next two weeks, while in frequent contact with Defendants' counsel, Plaintiffs' counsel attempted to confer with individual Plaintiffs and potential expert witnesses regarding Defendants' proposed blanket protective order. *See id.* ¶ 7. On July 31, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs were not yet in a

position to agree on a blanket protective order, and proposed a limited protective order for purposes of Defendants' intended filing only. *Id.* ¶ 8.

On August 1, Plaintiffs' counsel emailed Defendants' counsel a proposed limited protective order, drawn from both the District's Stipulated Protective Order for Standard Litigation and its Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Specialized Model Order"). *See id.* & Ex. A. Nearly a week later, Defendants' counsel sent Plaintiffs' counsel a revised draft of the limited protective order while expressing doubt that it would satisfy all "stakeholders." *See id.* ¶ 9 & Ex. B. Plaintiffs' counsel responded two days later with a further revised draft, accepting most but not all of Defendants' revisions. *See id.* ¶ 10 & Ex. C. During a videoconference held later that day, Defendants' counsel suggested that the parties had reached an impasse, highlighting one provision in particular, and Plaintiffs' counsel agreed. *See id.* On August 17, Defendants moved for entry of their proposed blanket protective order. *See id.* ¶ 13.

## ARGUMENT

**I.    Rule 26(c) does not authorize entry of Defendants' pre-discovery protective order.**

The Court should deny Defendants' motion because the rule they invoke has no application outside the discovery process. In theory, the Court could impose a protective order in reliance on its inherent authority, but Defendants have not justified that exercise of the Court's discretion here.

Rule 26(c) provides that a "party or any person *from whom discovery is sought* may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1) (emphasis added). With limited exceptions not relevant here, discovery may commence only after the parties have conferred as required by Rule 26(f). *See* Fed. R. Civ. P 26(d). The parties have not yet conferred as required by Rule 26(f), and Plaintiffs have not yet sought discovery from Defendants. *See* DeCell Decl. ¶ 14. Therefore, Rule 26(c) does not entitle Defendants to move for entry of a protective order at this pre-discovery point in the litigation. *See Zia Land & Water Conservation, LLC v. EOR Operating Co.*, 2022 WL 17978840, at *2 (D.N.M. Dec. 28, 2022) ("Because discovery in the case has not formally commenced, the Court concludes that the plain language of

Rule 26(c) does not provide authority for a protective order."); *In re BofI Holding, Inc. Sec. Litig.*, 318 F.R.D. 129, 133 (S.D. Cal. 2016) ("The Court knows of no authority that would permit it to enter a Rule 26(c) protective order before discovery has begun."); *cf. Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1079 (9th Cir. 1988) (holding that Rule 26(c) did not authorize imposition of protective order controlling use of "documents obtained other than through discovery in the pending proceeding"); *see also id.* 1079–81. Defendants apparently recognize as much. *See, e.g.*, PO Mot. 2 ("In commercial litigation, protective orders are routinely entered to ensure that confidential materials are handled appropriately *during discovery*." (emphasis added)); *id.* at 4.

While the Court has inherent authority to enter a protective order outside of discovery, Defendants' conclusory contentions provide no grounds for the discretionary exercise of that authority here. *See Wharton v. Calderon*, 127 F.3d 1201, 1205–07 (9th Cir. 1997) (rejecting grounds for authority to enter protective order governing informal discovery). The entirety of Defendants' argument is as follows: After they filed their motion to dismiss, "they obtained extremely sensitive confidential information relevant to the pending motion," PO Mot. 3; they intend to seek leave to file this information "as a supplemental filing to their pending motion to dismiss, file such information under seal, and provide them to Plaintiffs' counsel on an attorney's eyes-only basis," *id.* at 4; and they "are required to take these measures to comply with certain legal obligations relating to the confidential information," *id.* Defendants do not specify the date on which they first learned of this information—whether before or after briefing concluded on their motion to dismiss—or describe the information itself or their "legal obligations" relating to it. It is therefore unclear whether Defendants have any justifications for seeking leave to file the information at this late stage or under seal.[1] Without those justifications, they provide no grounds for the Court to enter a protective order for those purposes. *Cf. Ramirez v. Trans Union, LLC*, 2012

---

[1] Defendants give no indication that they will overcome the "strong presumption of access to judicial records [that] applies fully to dispositive pleadings, including . . . related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016); Standing Order for Civil Cases Before Judge James Donato ¶ 26.b (Jan. 5, 2017), https://www.cand.uscourts.gov/wp-content/uploads/judges/donato-jd/JD_Standing-Order-For-Civil-Cases-Before-Judge-Donato.pdf.

WL 8261626, at *1 (N.D. Cal. July 25, 2012) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992))).

**II.    Entry of Defendants' blanket protective order is unwarranted at this stage.**

The Court should also deny Defendants' motion because a blanket protective order is unnecessary and inappropriate at this stage of the litigation. Defendants seek a protective order so they can introduce information in support of their motion to dismiss, but the protective order they propose would apply not just to that information, but to the entire discovery process. No party has yet sought discovery, and the Court has not yet authorized it. The question of what protective order should govern discovery should wait until the Court has resolved the motion to dismiss.

While the court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citation omitted), "[a]ny protective order that is issued must be narrowly tailored and cannot be overbroad," *In re BofI Holding, Inc.*, 318 F.R.D. at 133. Defendants do not explain why their intended pre-discovery filing warrants the entry of a blanket protective order that would govern discovery throughout the litigation, rather than a limited protective motion tailored to the information Defendants seek to file. Although Defendants argue that Plaintiffs' proposed limited protective order, *see* DeCell Decl. Ex. A, excluded "many necessary provisions" from the Specialized Model Order, they specify only one clause of concern. PO Mot. 3. The parties' disagreement over one clause does not create good cause to impose an overbroad, blanket protective order instead of a narrowly tailored, limited one. And the parties' impasse over the protective order Defendants demand now, for purposes of their filing in support of their motion to dismiss, does not foreclose productive negotiations over a blanket protective order in the future, for purposes of discovery following the Court's ruling on the motion to dismiss. The parties should have an opportunity to continue those negotiations and, if they cannot reach full agreement, narrow any disputes for presentation to the Court.[2]

---

[2] Defendants have previously truncated negotiations with opposing counsel and moved for a protective order so they can file "recently obtained information" that they cannot disclose "without

**III.     Entry of Defendants' proposed protective order would prejudice Plaintiffs.**

The Court should also deny Defendants' motion because their proposed protective order would unfairly prejudice Plaintiffs. Although the moving party bears the burden of showing prejudice absent a protective order, courts have considered prejudice to the non-moving party as well. *See, e.g.*, *Lindsey v. Elsevier Inc.*, 2016 WL 8731471, at *4–5 (S.D. Cal. Aug. 19, 2016). Defendants' proposed protective order would prejudice Plaintiffs by imposing a gag order encompassing more information, and information of greater public interest, than that envisioned in the model protective orders. Plaintiffs' proposed limited protective order excluded information obtained "from a source who obtained the information not in violation of this Order." DeCell Decl. ¶ 10 & Ex. A ¶ 2. Defendants insisted on limiting the exclusion to information obtained "from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party," as in the Specialized Model Order. *Id.* ¶ 10 & Ex. B ¶ 2; *see* also PO Mot. 3. This language may raise few concerns for ordinary commercial litigants. Plaintiffs here, however, are journalists who regularly receive information from whistleblowers and other confidential sources, and who could foreseeably receive information regarding the spyware attacks against them from individuals subject to confidentiality obligations imposed by Defendants. Plaintiffs have no way of knowing what kinds of confidentiality obligations Defendants have imposed on their employees, clients, and others, and enforcement of those confidentiality obligations against Plaintiffs would unfairly restrict their reporting and impede their prosecution of this case. *See Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 946 (2d Cir. 1983) ("[I]n light of First Amendment considerations, the court generally has no . . . power to prohibit dissemination of . . . information has been gathered independently of judicial processes."); *cf. Kirshner*, 842 F.2d at 1081 (holding that district court's "power to control discovery" did not extend to "material discovered in a *separate* action").

---

violating their legal obligations," Defs.' Mot. for Entry of Protective Order 1, *WhatsApp Inc. v. NSO Group Techs. Ltd.*, No. 4:19-cv-07123 (N.D. Cal. Aug. 3, 2020), ECF No. 114, only to withdraw the motion following entry of a stipulated interim protective order, *see* Defs.' Notice of Withdrawal, *WhatsApp Inc.*, No. 4:19-cv-07123 (N.D. Cal. Aug. 28, 2020), ECF No. 131.

| Case No. 3:22-cv-07513-JD | 5 | OPPOSITION TO MOT. FOR PROTECTIVE ORDER |

# CONCLUSION

The Court should deny Defendants' Motion for Entry of a Protective Order. If the Court concludes that entry of some protective order is appropriate at this point, it should enter a limited protective order that applies only to the information that Defendants seek to introduce now, and that excludes information from a source who obtained the information not in violation of the order.

Dated: August 25, 2023

Paul Hoffman #71244
John Washington #315991
Schonbrun, Seplow, Harris,
  Hoffman & Zeldes LLP
200 Pier Avenue, Suite 226
Hermosa Beach, CA 90254
T: (424) 297-0114
F: (310) 399-7040
hoffpaul@aol.com

Respectfully submitted,

/s/ Carrie DeCell
Carrie DeCell, *Pro Hac Vice*
Jameel Jaffer, *Pro Hac Vice*
Alex Abdo, *Pro Hac Vice*
Stephanie Krent, *Pro Hac Vice*
Evan Welber Falcón, *Pro Hac Vice*
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
carrie.decell@knightcolumbia.org

*Counsel for the Plaintiffs Carlos Dada, Sergio Arauz, Gabriela Cáceres Gutiérrez, Julia Gavarrete, Roman Gressier, Gabriel Labrador, Ana Beatriz Lazo Escobar, Efren Lemus, Daniel Lizárraga, Carlos López Salamanca, Carlos Martínez, Óscar Martínez, María Luz Nóchez, Víctor Peña, Nelson Rauda Zablah, Daniel Reyes Martínez, Mauricio Sandoval Soriano, and José Luis Sanz*