PAUL HOFFMAN #71244
JOHN WASHINGTON #315991
Schonbrun, Seplow, Harris,
    Hoffman & Zeldes LLP
200 Pier Avenue, Suite 226
Hermosa Beach, CA 90254
T: (424) 297-0114
F: (310) 399-7040
hoffpaul@aol.com

*Counsel for all Plaintiffs\**

*\*See Signature Page for Complete List of
Plaintiffs*

CARRIE DECELL, *Pro Hac Vice*
JAMEEL JAFFER, *Pro Hac Vice*
ALEX ABDO, *Pro Hac Vice*
STEPHANIE KRENT, *Pro Hac Vice*
EVAN WELBER FALCÓN, *Pro Hac Vice*
Knight First Amendment Institute
    at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
F: (646) 661-3361
carrie.decell@knightcolumbia.org

*Counsel for all Plaintiffs\**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 3:22-cv-07513-JD <br><br> **DECLARATION OF CARRIE DECELL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER** <br><br> Hearing Date: [None set] <br> Ctrm: 11 |

I, Carrie DeCell, declare and state as follows:

1.      I am a senior staff attorney at the Knight First Amendment Institute at Columbia University and counsel for Plaintiffs Carlos Dada, Sergio Arauz, Gabriela Cáceres Gutiérrez, Julia Gavarrete, Roman Gressier, Gabriel Labrador, Ana Beatriz Lazo Escobar, Efren Lemus, Daniel Lizárraga, Carlos López Salamanca, Carlos Martínez, Óscar Martínez, María Luz Nóchez, Víctor Peña, Nelson Rauda Zablah, Daniel Reyes Martínez, Mauricio Sandoval Soriano, and José Luis Sanz (collectively, "Plaintiffs"). I am an attorney in good standing duly admitted to practice law in the State of New York and the District of Columbia, and I am admitted *pro hac vice* in the above-captioned matter. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would competently testify thereto.

2.      I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Entry of Protective Order filed concurrently.

3.      On December 16, 2022, Plaintiffs filed an Amended Complaint against Defendants in this action. *See* ECF No. 31.

4.      Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint on April 14, 2023, ECF No. 42, followed by a second Corrected Motion to Dismiss on April 21, ECF No. 46. Plaintiffs filed their Opposition to Defendants' Motion to Dismiss on May 19. ECF No. 48. Defendants filed their Reply in Support of their Motion to Dismiss on June 2. ECF No. 54.

5.      On Thursday, July 13, 2023, I received an email from Defendants' counsel stating that NSO Group intended to provide "certain information relevant to [my] clients' case against NSO and the pending Motion to Dismiss" and attaching a proposed blanket protective order. I responded within two hours, offering to schedule a call for later that day or another time the following day. At 7:30 p.m. ET that day, I joined a videoconference with Defendants' counsel to discuss the information Defendants sought to provide and the blanket protective order they had proposed. Defendants' counsel explained that they intended to provide Plaintiffs' counsel and the Court, on a confidential basis, information that relates to their argument for dismissal on grounds of *forum non conveniens*.

6.      On Friday, July 14, I emailed Defendants' counsel to inform them that, although Plaintiffs would object to any new filing in support of Defendants' motion to dismiss, Plaintiffs were willing to begin negotiating a stipulated protective order in anticipation of discovery.

7.      On Tuesday, July 18, Defendants' counsel emailed me to ask if Plaintiffs had any revisions to Defendants' proposed protective order, and if so, if I could provide them that day. I replied the following day, explaining that Plaintiffs' counsel would need more time to review Defendants' proposed protective order, including time to consult with Plaintiffs and possible expert witnesses, and that I was out of the office that week. Defendants' counsel replied on Thursday, July 20, stating that if they did not have Plaintiffs' revisions by Tuesday, July 25, they intended to file a motion asking the Court to enter a protective order. On Monday, July 24, I emailed Defendants' counsel to inform them that we would not be in a position to agree on a blanket protective order by the following day, that we were conferring with Plaintiffs and possible expert witnesses, and that we would respond with any revisions as soon as we were able to. Defendants' counsel replied on Friday, July 28, stating that they needed to know our position by Tuesday, August 1, or they would file a motion with the Court.

8.      On Monday, July 31, I emailed Defendants' counsel to explain that, although we had been conferring with possible expert witnesses, we still were not in a position to agree on a blanket protective order. I further explained that we were willing to agree to a limited protective order solely for purposes of Defendants' intended filing in connection with their pending motion to dismiss. I then drafted a limited protective order based on my understanding of the kind of information Defendants sought to present, drawing relevant provisions from both the District's Stipulated Protective Order for Standard Litigation and the District's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. On August 1, I emailed Defendants' counsel a proposed limited protective order, a true and correct copy of which is attached hereto as **Exhibit A**.

9.      Defendants' counsel replied on Monday, August 7, expressing doubt that a "streamlined" protective order would be acceptable to all stakeholders while attaching a revised

draft of the limited protective order, a copy of which is attached hereto as **Exhibit B** (removing one comment to paragraph 7, which contains references to information that Defendants would designate as Highly Confidential Attorney's Eyes Only).

10.    On Wednesday, August 9, I emailed Defendants' counsel a further revised draft of the limited protective order accepting most but not all of their revisions, a copy of which is attached hereto as **Exhibit C** (removing language in one comment to paragraph 3 and removing two comments to paragraph 7, which contain references to information that Defendants would designate as Highly Confidential Attorney's Eyes Only). I, along with my colleague Mayze Teitler, then joined a videoconference with Defendants' counsel to discuss the draft order. During the videoconference, Defendants' counsel suggested that we had reached an impasse, given the parties' disagreement over a few provisions, including one in particular. Defendants' counsel rejected a provision stating that the order did not cover "any information . . . obtained by the party or their counsel after the disclosure from a source who obtained the information *not in violation of this Order*," insisting on changing the emphasized language to "lawfully and under no obligation of confidentiality to the Designating Party." After explaining that Plaintiffs were unwilling to incorporate by reference an untold number of confidentiality obligations that Defendants may have imposed on others, I agreed that we were at an impasse.

11.    Later on Wednesday, August 9, Defendants' counsel emailed me to say that they would like for their motion for entry of a protective order to be heard as soon as possible, and to ask whether Plaintiffs would consent to shorten time for briefing on the motion. I replied the following day, agreeing to shorten time while requesting one additional day for Plaintiffs' opposition.

12.    Exhibit A to the Declaration of Aaron S. Craig, ECF No. 56-2, accurately reflects the parties' email exchanges referenced in paragraphs 5–11.

13.    On Thursday, August 17, Defendants' counsel filed a motion for entry of a blanket protective order, ECF No. 56, along with an unopposed motion to shorten time, ECF No. 57.

14.     To date, the parties have not held a Rule 26(f) conference, and Plaintiffs have not sought any discovery from Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: August 25, 2023                          /s/ Carrie DeCell
                                                Carrie DeCell

*Counsel for the Plaintiffs Carlos Dada, Sergio Arauz, Gabriela Cáceres Gutiérrez, Julia Gavarrete, Roman Gressier, Gabriel Labrador, Ana Beatriz Lazo Escobar, Efren Lemus, Daniel Lizárraga, Carlos López Salamanca, Carlos Martínez, Óscar Martínez, María Luz Nóchez, Víctor Peña, Nelson Rauda Zablah, Daniel Reyes Martínez, Mauricio Sandoval Soriano, and José Luis Sanz*