JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO Group Technologies LTD.
And Q Cyber Technologies LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LTD. And Q CYBER TECHNOLOGIES LTD.,<br><br>Defendants. | Case No. 3:22-cv-07513-JD<br>[*The Honorable James Donato*]<br><br>**STIPULATION AND [PROPOSED] LIMITED PROTECTIVE ORDER**<br><br>*No hearing scheduled.*<br><br>Action Filed:   11/30/2022 |

WHEREAS, Defendants plan to disclose certain information to the Court and to Plaintiffs' counsel in connection with their Corrected Motion to Dismiss, ECF No. 46;

WHEREAS, Defendants represent that this information warrants special protection from public disclosure and from use for any purpose other than prosecuting this litigation;

WHEREAS, there is currently no protective order entered by the Court in this action;

WHEREAS, the parties acknowledge that this Stipulated Limited Protective Order does apply to any other disclosures and does not entitle them to file confidential information under seal;

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Limited Protective Order concerning Defendants' [anticipated/concurrent] filing in connection with their Corrected Motion to Dismiss:

1. Defendants may designate as **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** extremely sensitive information or items that qualify for protection under Federal Rule of Civil Procedure 26(c) and the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means ("Protected Material").

2. The protections conferred by this Stipulated Limited Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Limited Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a party or their counsel, or that becomes part of the public domain after its disclosure to a party or their counsel as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the party or their counsel prior to the disclosure or obtained by the party or their counsel after the disclosure from a source who obtained the information not in violation of this Order.

3. Unless otherwise ordered by the Court or permitted in writing by Defendants, any Protected Material may be disclosed only to: (a) Plaintiffs' counsel of record in this action, as well as employees and affiliates of said counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) Plaintiffs' experts to whom disclosure is reasonably necessary for this litigation, and as agreed to by Defendants or otherwise ordered by the Court; (c) the Court and its personnel; (d) court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation; and (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information. Nothing in this Stipulated Limited Protective Order restricts Plaintiffs' counsel from rendering advice to Plaintiffs and, in doing so, relying on Plaintiffs' counsel's review of Protected Material, provided Plaintiffs' counsel do not disclose any Protected Material to unauthorized persons.

4. Any disclosure of Protected Material in court filings or at trial shall be governed by Civil Local Rule 79-5 and, if applicable, the First Amendment and common-law rights of access.

5. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendants agree otherwise in writing or a court order otherwise directs.

6. Plaintiffs' counsel may challenge a designation of Protected Material at any time, unless a prompt challenge to Defendants' confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation.

7. By stipulating to the entry of this Limited Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Limited Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____   _____
CARRIE DECELL
Attorney for Plaintiffs

DATED: _____   _____
JOSEPH N. AKROTIRIANKIS
AARON S. CRAIG
Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED
and Q CYBER TECHNOLOGIES LTD

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____   _____
Honorable James Donato
United States District Judge