1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    jakro@kslaw.com
2  AARON S. CRAIG (Bar No. 204741)
    acraig@kslaw.com
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:   (213) 443-4355
5  Facsimile:   (213) 443-4310

6  Attorneys for Defendants NSO Group Technologies LTD.
   And Q Cyber Technologies LTD.
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LTD. And Q CYBER TECHNOLOGIES LTD., <br><br> Defendants. | Case No. 3:22-cv-07513-JD <br> [*The Honorable James Donato*] <br><br> **STIPULATION AND [PROPOSED] LIMITED PROTECTIVE ORDER** <br><br> *No hearing scheduled.* <br><br> Action Filed:   11/30/2022 |
|---|---|

STIPULATED AND [PROPOSED]                          Case No. 3:22-cv-07513
LIMITED PROTECTIVE ORDER

1. WHEREAS, Defendants plan to disclose certain information to the Court and to Plaintiffs' counsel in connection with their Corrected Motion to Dismiss, ECF No. 46;

WHEREAS, Defendants represent that this information warrants special protection from public disclosure and from use for any purpose other than prosecuting this litigation;

WHEREAS, there is currently no protective order entered by the Court in this action;

WHEREAS, the parties acknowledge that this Stipulated Limited Protective Order does apply to any other disclosures and does not entitle them to file confidential information under seal;

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Limited Protective Order concerning Defendants' [anticipated/concurrent] filing in connection with their Corrected Motion to Dismiss:

1. Defendants may designate as **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** extremely sensitive information or items that qualify for protection under Federal Rule of Civil Procedure 26(c) and the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means ("Protected Material").

2. The protections conferred by this Stipulated Limited Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Limited Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a party or their counsel, or that becomes part of the public domain after its disclosure to a party or their counsel as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the party or their counsel prior to the disclosure or obtained by the party or their counsel after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**Deleted:** not in violation of this Order

STIPULATED AND [PROPOSED]
LIMITED PROTECTIVE ORDER

Case No. 3:22-cv-07513

3.     Unless otherwise ordered by the Court or permitted in writing by Defendants, any Protected Material may be disclosed only to: (a) Plaintiffs' counsel of record in this action, as well as employees and affiliates of said counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) Plaintiffs' experts to whom disclosure is reasonably necessary for this litigation, and as agreed to by Defendants or otherwise ordered by the Court; (c) the Court and its personnel; (d) court reporters and their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation; and (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information. Nothing in this Stipulated Limited Protective Order restricts Plaintiffs' counsel from rendering advice to Plaintiffs and, in doing so, relying on Plaintiffs' counsel's review of Protected Material, provided Plaintiffs' counsel do not disclose any Protected Material to unauthorized persons.

4.     Any disclosure of Protected Material in court filings or at trial shall be governed by Civil Local Rule 79-5 and applicable case law. Plaintiffs shall not oppose Defendants' request to file Protected Material under seal. In the event Plaintiffs intend to discuss Protected Material in any filings, Plaintiffs shall make such filings pursuant to Local Rule 79-5(f) and file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

5.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendants agree otherwise in writing or a court order otherwise directs.

6.     Inadvertent Failure to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order

7.     Plaintiffs' counsel may challenge a designation of Protected Material at any time, unless a prompt challenge to Defendants' confidentiality designation is necessary to avoid

**Comments:**
- [AC1]: What does this mean?
- [AC2]: What does this mean? What experts are you talking about? If you want to disclose to experts, we will need to use the model order provisions.

**Deletions:**
- professional jury or trial consultants
- ,
- if applicable, the First Amendment and common-law rights of access.
- 6

1  foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or
2  delay of the litigation.
3      8,.    If a Plaintiff is served with a subpoena or a court order issued in other litigation
4  that compels disclosure of any Protected Material, that Plaintiff must:
5      (a) promptly notify in writing Defendants. Such notification shall include a copy of the
6  subpoena or court order;
7      (b) promptly notify in writing the party who caused the subpoena or order to issue in the
8  other litigation that some or all of the material covered by the subpoena or order is subject to this
9  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and
10     (c) cooperate with respect to all reasonable procedures sought to be pursued by the De-
11 fendants.[1]
12     If Defendants timely seek a protective order, the Plaintiff served with the subpoena or
13 court order shall not produce any information designated in this action as Protected Material be-
14 fore a determination by the court from which the subpoena or order issued, unless the Plaintiff
15 has obtained the Defendants' permission. The Defendants shall bear the burden and expense of
16 seeking protection in that court of their confidential material – and nothing in these provisions
17 should be construed as authorizing or encouraging a Plaintiff in this action to disobey a lawful
18 directive from another court.
19     9.    If a Plaintiff learns that, by inadvertence or otherwise, it has disclosed Protected Material
20 to any person or in any circumstance not authorized under this Stipulated Protective Order, that Plaintiff
21 must immediately (a) notify in writing the Defendants of the unauthorized disclosures, (b) use its best
22 efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to
23 whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or
24 persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Defendants an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

A.

9. Within 60 days after the final disposition of this action, Plaintiffs must return all Protected Material to Defendants or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Plaintiffs must submit a written certification to the Defendants by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

9. By stipulating to the entry of this Limited Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Limited Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____  _____
                                 CARRIE DECELL
                                 Attorney for Plaintiffs
DATED: _____  _____
                                 JOSEPH N. AKROTIRIANKIS
                                 AARON S. CRAIG
                                 Attorneys for Defendants
                                 NSO GROUP TECHNOLOGIES LIMITED
                                 and Q CYBER TECHNOLOGIES LTD

PURSUANT TO STIPULATION, IT IS SO ORDERED.

STIPULATED AND [PROPOSED]           4           Case No. 3:22-cv-07513
LIMITED PROTECTIVE ORDER

DATED: _____  _____
Honorable James Donato
United States District Judge