JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Facsimile:  (213) 443-4310

Attorneys for Defendants NSO Group Technologies LTD.
And Q Cyber Technologies LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ,<br><br>    Plaintiffs,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LTD. And Q CYBER TECHNOLOGIES LTD.,<br><br>    Defendants. | Case No. 3:22-cv-07513-JD<br>[*The Honorable James Donato*]<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM**<br><br>Judge:  Honorable James Donato<br><br>Action Filed:  11/30/2022 |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") certain language in the Declaration of Aaron Craig (¶¶ 3-11 and 13) filed concurrently with this Motion, certain language in their Supplemental Memorandum in Support of Motion to Dismiss ("Supplemental Memorandum"), attached as Exhibit 1 to the Craig Declaration, certain language in the Supplemental Declaration of Roy Blecher in Support of Defendants' Motion to Dismiss ("Blecher Declaration") and accompanying Exhibits A through D, attached as Exhibit 2 to the Craig Declaration, and certain language in the declaration of Joseph N. Akrotirianakis in Support of Defendants' Motion to Dismiss ("Akrotirianakis Decl."), attached as Exhibit 3 to the Craig Declaration.  (The Craig Declaration, the Supplemental Memorandum, the Blecher Declaration and its accompanying Exhibits and the Akrotirianakis Declaration are collectively referenced as the "Sealed Documents.")  The Sealed Documents are submitted to the Court in connection with Defendants' pending Motion to Dismiss to Complaint [Forum Non Conveniens and Fed. R. Civ. P. 12(B)(2) and 12(B)(6)] (Dkt. Nos. 42, 46 "Motion to Dismiss").

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

I.  **BACKGROUND**

The Complaint was filed November 30, 2022.  (Dkt. No. 1.)  Plaintiffs amended the complaint on December 16, 2022. (Dkt. No. 31.)  Defendants moved to dismiss.  (Dkt. Nos. 42, 45, 46.)  Among the grounds cited in Defendants' Motion to Dismiss is *forum non conveniens*.  (*Id.* at 7-9.)  On August 17, 2023, Defendants filed a motion for entry of a proposed protective order to provide certain documents to Plaintiff's counsel and to the Court that Defendants contend are sensitive and highly confidential and should be subject to an attorneys' eyes only designation (the "AEO Materials").  (Dkt. No. 56.)  On October 3, 2023, the Court ordered that in the absence of an agreement by the parties on a protective order, the Court would enter the District's Stipulated Protective Order for Standard Litigation and that the parties were to file by October 16, 2023, a proposed protective order consistent with this Order.  (Dkt No. 62).  The parties filed such a

1  Protective Order on October 24, 2023 (Dkt. No. 65) and the Court entered it on October 31, 2023
2  (Dkt. No. 66).  On November 14, 2023, the parties filed a stipulation with a request to supplement
3  the protective order, to submit certain confidential information and documents related to their
4  motion to dismiss, which the Court granted on November 17, 2023.  (Dkt. No. 68.)  Defendants
5  submitted that information and materials to Plaintiffs' counsel and to this Court on December 5,
6  2023, in connection with Defendants' Administrative Motion to Seal.  (Dkt. No. 70.)

7        Defendants are constrained as to what they are permitted to say about the Sealed
8  Documents in a public filing; for information about additional matters relevant to this Motion and
9  the Sealed Documents, the Court is respectfully referred to paragraphs 3 through 12 of the
10 accompanying Craig Declaration.

11 **II.    LEGAL STANDARDS**

12       Although courts recognize a general right to inspect and copy public records, "access to
13 judicial records is not absolute."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178
14 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those
15 materials are to the merits of the case.  A party seeking to seal materials submitted with a motion
16 that is "more than tangentially related to the merits of the case" must demonstrate that there are
17 compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
18 809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file docu-
19 ments under seal in conjunction with a non-dispositive motion" need only show "good cause exists
20 to file the information under seal."  *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-
21 00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good
22 cause" standard, the relevant inquiry is "whether good cause exists to protect the information from
23 being disclosed to the public by balancing the needs for discovery against the need for confidenti-
24 ality."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at
25 *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

26       Here, Defendants seek to file under seal certain paragraphs of the Craig Declaration and
27 certain language in their Supplemental Memorandum in support of the Motion to Dismiss for *Fo-*
28

1  *rum Non Conveniens*, which is not a dispositive motion.  A motion to dismiss for *forum non con-*
2  *veniens* is considered a non-dispositive motion for the purpose of sealing because it "does not
3  resolve the merits of the underlying causes of action, and is only tangentially related to the merits."
4  *See Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, 2015 WL 1534049, at
5  *3 (N.D. Cal. Apr. 2, 2015) (citing *Young v. Actions Semiconductor Co.*, 2007 WL 2177028, at *2
6  (S.D. Cal. July 27, 2007)).  Accordingly, the "good cause" standard applies to this Motion.  Even
7  if the higher "compelling reasons" standard applied, that standard is met here.

### III.   LEGAL ARGUMENT

This Motion is supported by good cause (and to the extent required, by compelling reasons) based on the facts attested to in the Craig Declaration.  The Sealed Documents contain highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court.  *See, e.g., Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).  Therefore, Defendants now seek leave of this Court to file the Sealed Documents under seal.

Good cause exists to seal each of the Sealed Documents, and Defendants respectfully request that the Court grant this Motion and order the Sealed Documents be kept under seal.  For a full description of that good cause, the Court is respectfully referred to paragraphs 3-13 of the accompanying Craig Declaration.  Defendants have closely analyzed each of the documents being filed, including the Craig Declaration and for each, Defendants are asking the Court to file under seal only the bare minimum amount necessary.

### IV.   CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

Should the Court deny this Motion, in whole or in part, Defendants request that any portions of the Sealed Documents for which sealing was both requested and denied be considered

1  withdrawn and that any such information not be publicly filed.

3  DATED: January 6, 2024

KING & SPALDING LLP

By: /s/Aaron S. Craig
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED