JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants NSO Group Technologies LTD.
And Q Cyber Technologies LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LTD. And Q CYBER TECHNOLOGIES LTD.,<br><br>Defendants. | Case No. 3:22-cv-07513-JD<br>[*The Honorable James Donato*]<br><br>**DEFENDANT NSO GROUP TECHNOLOGIES AND Q CYBER TECHNOLOGIES LIMITED'S *UNOPPOSED* ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Action Filed:  11/30/2022 |

RE: SUPP. MEMO.

CASE NO. 3:22-cv-07513-JD

Pursuant to Civil Local Rules 7-3(d) and 7-11, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") respectfully submit this <u>Unopposed</u> Administrative Motion for Leave to File a Supplemental Memorandum in Support of their Motion to Dismiss. The supplemental memorandum attached as Exhibit 1, and the two supporting declarations attached as Exhibits 2 and 3, are to update the Court concerning recent events that affect the Defendants' ability to litigate effectively in this forum. **Counsel for the parties have conferred, and Plaintiffs do not oppose this Administrative Motion.**

**I.   BACKGROUND**

On April 14, 2023, Defendants filed their Motion to Dismiss the Complaint. (*See* Dkt. Nos. 42, 46.) Among other arguments, the Motion requests that this lawsuit should be dismissed in favor of proceedings in Israel under the doctrine of *forum non conveniens*. (*See id.* 7:14-9:6.)

<u>Israeli Export Control Law Issues</u>

The Motion expressly notes the burden that export-control laws impose on the Defendants, including strict limits imposed by Israeli law on the information that the Defendants may disclose outside of Israel. (*See id.* at 8:23-9:6.)

On June 8, 2023, NSO applied to the Israeli Ministry of Defense for a license to export information relating to Defendants' technology to the Courts in certain United States litigation proceedings, to Defendants' counsel of record King & Spalding and plaintiffs' counsel in those proceedings, under the Israeli export control laws discussed in Defendants' Renewed Motion. (Declaration of Joseph N. Akrotirianakis ("Akro. Decl." ¶ 5.) To date, the Ministry of Defense has not granted that license. (*Id.*)

<u>United States "Entity List" Issues</u>

Defendants are also currently subject to U.S. export-control laws as a result of their placement on the Department of Commerce, Bureau of Industry and Security's Entity List. (*See* Compl. ¶¶ 1; 47.) As a result, as Plaintiffs acknowledge, U.S. entities are prohibited from exporting certain products and services to NSO without a license. (*See id.*) On April 20, 2023, after the Motion was filed, Defendants' counsel of record, King & Spalding LLP, learned that its application to was returned without action and its expected license was not granted. (Akro Decl..

¶ 2.) Subsequent negotiations with the U.S. government have not resulted in the granting of a license. (*Id.*)

In May 2023, NSO's e-discovery consultant in certain U.S. litigation proceedings applied to the U.S. government for a license to provide NSO and Q Cyber with industry-standard e-discovery technology. (*Id.* ¶ 3.) That consultant's application has recently been denied. (*Id.*)

<u>Other Confidential Issues</u>

On November 14, 2023, after extended negotiations, the parties stipulated to the entry of a limited protective order so that Defendants could seek leave to submit certain confidential materials to the Court in connection with their pending motion to dismiss. (*See* Dkt. No. 67.) The Court entered that order on November 17, 2023 (Dkt. No. 53), at which point Defendants were able to provide the confidential materials to this Court and to Plaintiffs' counsel under that protective order. Defendants sought permission to file the confidential materials under seal on December 5, 2023. (Dkt. No. 70.)

Defendants now seek leave to supplement the existing briefing to explain how the Israeli export control issues, the United States entity list issues, and the other confidential issues all support their Motion to Dismiss. **Counsel for the parties conferred about this administrative motion by email on December 12-13, 2023, and Plaintiffs informed Defendants that they do not oppose this Motion. (Akro Decl. ¶ 7.)**

II.   **LEGAL ARGUMENT**

Prior court approval is generally required to file any "additional memoranda, papers or letters" after a reply brief is filed. Civil L.R. 7-3(d).[1] **Here, Plaintiff consents to such supplemental filing, and thus the relief sought here is unopposed.**

Here, Defendants seek leave to file a short supplemental brief and two supporting declarations, attached to this filing as Exhibits 1 through 3, in connection with their pending motion to dismiss. The supplemental brief and the declarations provide updates to the Court concerning the factual developments outlined above, which bear directly on Defendants' ability to litigate this

---

[1] Civil Local Rule 7-3(d) contains two exceptions for materials that a party may file as a matter of right. Neither of those exceptions is applicable here.

1  matter in this forum. These developments are highly relevant to Defendants' argument that this
2  matter should be dismissed under the doctrine of *forum non conveniens*. Furthermore, as outlined
3  above, these factual developments either arose or did not ripen until after Defendants filed their
4  reply brief on June 2, 2023. Good cause thus exists to permit a short supplemental brief and two
5  declarations to provide the requisite factual support. *See FTC - Forward Threat Control, LLC v.*
6  *Dominion Harbor Enterprises, LLC*, No. 5:19-CV-06590-EJD, 2020 WL 5545156, at *3-4 (N.D.
7  Cal. Sept. 16, 2020) (granting an administrative motion to submit supplemental evidence that was
8  not available at the time of briefing); *see also Brandmeyer v. Regents of Univ. of California*, No.
9  20-CV-02886-SK, 2020 WL 6816788, at *1 (N.D. Cal. Nov. 10, 2020) (granting leave to submit
10 "additional relevant case law discovered during . . . preparation for oral argument").

### III.  CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant this ***unopposed*** motion and deem the supplemental memorandum and declarations attached as Exhibits 1 through 3 filed as of the date of the Court's ruling.

DATED: January 6, 2024

KING & SPALDING LLP

By: /s/ *Joseph N. Akrotirianakis*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG

    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED