UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DADA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>　　　　Defendants. | Case No. 3:22-cv-07513-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Plaintiffs are "journalists and others who write, produce, and publish El Faro, a digital newspaper based in El Salvador" said to be "one of the foremost sources of independent news in Central America." Dkt. No. 31 ¶ 4. Defendants are NSO Group Technologies Limited and Q Cyber Technologies Limited (together, NSO), which are incorporated and located in Israel. *Id*. ¶¶ 32-33. This case is one of several in this District alleging that NSO supplies "Pegasus" and other software products that allow hackers to "take full control of a target's smartphone remotely and surreptitiously," and thereby obtain access to the target's texts, calls, GPS location, stored data, and other information. *Id.* ¶ 38. NSO is said to have "sold Pegasus to authoritarian and rights-abusing governments" for use against "journalists, human rights activists, and political opponents." *Id*. ¶ 46.

Plaintiffs say they were subjected to "Pegasus attacks" on their devices in 2020 and 2021 as "part of a coordinated and sustained effort to undermine independent journalism in El Salvador." *Id*. ¶ 63; *see also id.* ¶ 53 ("Between June 2020 and November 2021, Defendants and their clients surreptitiously installed Pegasus on the devices of at least thirty-five individuals working in and around El Salvador."). Of the 18 named plaintiffs, 16 allege that the compromised device was "an iPhone 11 owned by El Faro." *See id.* ¶¶ 65, 69, 73, 77, 81, 85, 89, 93, 97, 101,

105, 113, 117, 121, 125, 129. One plaintiff's device was "an iPhone 8 owned by El Faro." *Id.* ¶ 109. The complaint states that virtually all of the attacks occurred in El Salvador in connection with news stories plaintiffs were covering within that country. *See, e.g., id.* ¶¶ 55-59 (alleging hacking incidents while plaintiffs reported in El Salvador on Salvadoran presidential elections and candidates, MS-13 gang issues, the trial of military officers accused of human rights violations, and the like); *see also id.* ¶ 59 & Exh. A (incorporating in complaint a "list of known attacks on individuals in El Salvador, including Plaintiffs and other El Faro employees"). One attack involved a correspondent for El Faro in Washington, D.C. *Id.* ¶ 132.

Plaintiffs sued NSO for violations of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a), the California Comprehensive Computer Data Access and Fraud Act (CDAFA), California Penal Code § 502(c), and for trespass to chattels, and intrusion upon seclusion. They filed the lawsuit here even though none of the plaintiffs lived or worked within the Northern District of California, *see* Dkt. No. 31 ¶¶ 14-31 (stating most plaintiffs were located in El Salvador, and one in Washington D.C.), and NSO did not have a presence here. The only apparent hook for filing in our District is the allegation "on information and belief" that "some" Apple servers used by defendants to access plaintiffs' iPhones "are located in California," *id.* ¶ 3.

NSO asks to dismiss on a variety of jurisdictional and pleadings challenges under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Dkt. No. 46. The most salient argument is that dismissal is warranted on the basis of *forum non conveniens* because the case involves foreign plaintiffs, foreign defendants, and foreign conduct, and should be decided by a court in Israel or elsewhere. The Court had no trouble rejecting a similar *forum non conveniens* challenge that NSO raised in a case brought by Apple because the facts alleged there amply demonstrated that this District is the best forum for resolving Apple's claims. *See Apple Inc. v. NSO Group Technologies, Inc.*, Case No. 21-cv-09078-JD, 2024 WL 251448, at *1-4 (N.D. Cal. Jan. 23, 2024).

The facts here are very different, and lead to a different result. The Court discussed in detail the doctrine of *forum non conveniens* in *Apple*. In summary, *forum non conveniens* is "a supervening venue provision" that permits the Court to decline jurisdiction when circumstances

2

indicate that an alternative forum abroad would be a better location for the litigation. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429-30 (2007) (internal citation omitted). The Court may dismiss a case under the doctrine "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Id.* at 429 (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994) (quoting in turn *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 (1981) and *Koster v. (American) Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 524 (1947))) (ellipses and alterations in original).

Although a "defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing plaintiff's chosen forum," this presumption "'applies with less force'" when, as here, plaintiffs' "choice is not its home forum." *Id.* at 430 (quoting *Piper Aircraft*, 454 U.S. at 255-56); *see also Lueck*, 236 F.3d at 1145 ("a foreign plaintiff's choice of forum merits less deference than that of a plaintiff who resides in the selected forum, and the showing required for dismissal is reduced.") (citing *Gemini Cap. Grp. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998)). In such cases, if "'the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.'" *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 767 (9th Cir. 1991) (quoting *Piper Aircraft*, 454 U.S. at 255 n.23); *see also Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001).

"A party moving to dismiss on grounds of *forum non conveniens* must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favor dismissal." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009) (internal citation omitted). As our circuit has stated, the private interest factors "include (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of hostile witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive." *Id.* (internal citation omitted).

The public interest factors include "(1) administrative difficulties flowing from court

congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in the conflict of laws." *Id*. (internal citation omitted); *see also Lueck*, 236 F.3d at 1145-47 (listing similar factors).

*Forum non conveniens* "is a non-merits ground for dismissal." *Id.* at 432 (internal citation omitted). This means that the Court may grant dismissal while "bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id*. Application of the doctrine is entrusted to the Court's sound discretion. *American Dredging*, 510 U.S. at 455; *see also Loya*, 583 F.3d at 663-64 (same).

While it is certainly true that dismissal on *forum non conveniens* grounds should "be employed sparingly," *Glob. Commodities Trading Grp. v. Beneficio de Aroz Choloma, S.A.*, 972 F.3d 1101, 1111 (9th Cir. 2020) (internal citation omitted), this case is tailor made for it. The nub of this case is entirely foreign, and concerns the use of software produced in Israel to hack devices owned by a Salvadoran news service and used by journalists in El Salvador. Every incident described in the complaint involved Salvadoran journalists covering Salvadoran news stories while working primarily in El Salvador.

There is little reason under the *forum non conveniens* factors to undertake the burden of litigating this foreign conduct here. NSO states, and plaintiffs do not dispute, that Israel is an adequate alternative forum. Dkt. No. 46 at 7. This is all the more true because NSO expressly states that, "[a]s a citizen of Israel, NSO is amenable to process in Israel." *Id*.; *see Piper Aircraft*, 454 U.S. at 254 n.22 (alternative forum requirement satisfied when defendant is "amendable to process" in the other jurisdiction) (internal quote omitted). Although the parties gave little attention to the courts of El Salvador as an alternative forum, NSO raised the possibility of litigating plaintiffs' claims in Salvadoran courts under Salvadoran law, Dkt. No. 46 at 1, an invitation to which plaintiffs did not respond.

The question then is whether the private and public interest factors weigh in favor of dismissal. Not all private and public interest factors are present in every case, which is the

4

1  situation here.  The Court will address the factors the parties discussed, along with others that
2  might be relevant.
3        For the private interest factors, the parties focus almost exclusively on access to proof and
4  witness availability.  Overall, this factor weighs in favor of litigating the case in Israel or
5  elsewhere, and not here.  To start, neither side was present in, or had any ties to, this District in
6  connection with the allegations in the complaint.  NSO was in Israel at all pertinent times, and all
7  of its material witnesses and evidence are located there.  NSO represents that it does not hold
8  property or have employees in California.  Dkt. No. 46-2 (Shohat Decl.) ¶ 4.  As discussed, all of
9  the plaintiffs lived and worked in El Salvador during the period relevant to the complaint, save for
10 one who was located in Washington D.C.  Dkt. No. 31 ¶¶ 14 - 31.  Plaintiffs did not demonstrate
11 that any significant quantum of witnesses or evidence may be located in this District.  Plaintiffs
12 also did not argue against *forum non conveniens* on the basis of the location of Apple's servers or
13 the possibility of needing third-party evidence from Apple, and so those are not factors here.  Even
14 if they had, evidence concerning Apple will not be the main battleground between the parties, and
15 should be readily available in electronic or other accessible form.  So too for plaintiffs' suggestion
16 that the pendency of other cases against NSO makes keeping this one here "convenient."  Dkt. No.
17 48 at 10.  Plaintiffs do not say why that may be so, and to the extent those cases may have relevant
18 discovery, there are efficient ways of getting it short of shoehorning an entirely foreign case into
19 the District.
20       All of this is in stark contrast to the circumstances in *Apple*.  This District is Apple's home
21 forum, where it is headquartered and where its witnesses and evidence are located, and Apple's
22 claims are based on NSO's alleged hacking of Apple's servers and devices located here.  *See*
23 *Apple*, 2024 WL 251448, at *1-2.
24       Litigating the case in this District would likely impose significantly heavier burdens on
25 NSO than plaintiffs.  Israel is more than twice as far away from San Francisco (approximately
26 7400 air miles) as El Salvador (approximately 2600 air miles), which will disproportionately
27 burden NSO for trial and other court proceedings.  This is particularly so because NSO will be the
28 source of substantially more evidence and witnesses than plaintiffs.

The public interest factors also weigh against litigation in this District. Plaintiffs did not demonstrate any local interest or stake in the events alleged in the complaint. Plaintiffs say that California has a "compelling interest in protecting California companies from being used as spyware vectors in violation of state law," Dkt. No. 48 at 9-10, but even accepting that as true for present purposes, California's interest will by amply protected in Apple's lawsuit against NSO, which is now proceeding apace in this Court. Plaintiffs also say that California has a stake in "protecting the ability of El Faro's California readers to access El Faro's reporting," *id.* at 10, but why that might be so is left unsaid. A good argument can be made that California has no interest whatsoever in El Faro's readership. Plaintiffs' suggestion that the case should be litigated here because the United States has an interest in managing the use of spyware is a massive generalization of no utility for the *forum non conveniens* analysis. Almost anything could be justified when painted in such broad strokes. The passing mention of alleged interference with communications between plaintiffs and U.S. embassy officials does not compel a different conclusion.

Burdening a jury in this District with all of this makes little sense. Time and again, the Court has been awed by the conscientiousness of jurors in this District, who we ask to drop everything on a moment's notice to decide civil and criminal cases of often great complexity. Even so, a local jury would understandably struggle with being asked to sit for a long trial that involves purely foreign plaintiffs and defendants, and events in foreign lands.

That is basically all the parties say about *forum non conveniens*. The Court adds that plaintiffs did not explain why a trial here would be more expeditious and inexpensive than in Israel or elsewhere. It may be that the Court has greater familiarity with the federal and state laws featured in the complaint, but that is merely because plaintiffs chose to invoke the laws of this forum. Plaintiffs did not suggest that they would not have plausible claims under the laws of other forums, with concomitant judicial expertise there. The possibility that they may not be able to allege claims under federal or California state law is of little moment. *See Piper Aircraft*, 454 U.S. at 247 ("[t]he possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry.").

Overall, this case could not be more different than *Apple* for *forum non conveniens* purposes. It belongs in a court in Israel or El Salvador, and not here. Fairness, convenience, and judicial economy demand no less. To conclude otherwise would open the doors of the federal courts to lawsuits by foreign entities for conduct that occurred entirely outside the United States, a result that cannot be squared with our traditional understanding of due process and limited jurisdiction.

Nothing in the record indicates that plaintiffs could amend the complaint in ways that might overcome the application of *forum non conveniens* here. Plaintiffs did not ask to amend. The Court need not reach the personal jurisdiction or other arguments for dismissal raised by NSO. *See Sinochem*, 549 U.S. at 429 ("forum non conveniens may justify dismissal of an action though jurisdictional issues remain unresolved").[1] Consequently, the case is dismissed and ordered closed.

**IT IS SO ORDERED.**

Dated: March 8, 2024

JAMES DONATO
United States District Judge

---

[1] The Court granted leave to file an amicus brief to a group of "legal scholars." Dkt. No. 55. The brief addressed only personal jurisdiction over NSO in this District. *See* Dkt. No. 51-1 at 1. Because the Court need not reach that issue, the amicus brief is effectively moot.

7