CARRIE DECELL, *Pro Hac Vice*
JAMEEL JAFFER, *Pro Hac Vice*
ALEX ABDO, *Pro Hac Vice*
STEPHANIE KRENT, *Pro Hac Vice*
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
F: (646) 661-3361
carrie.decell@knightcolumbia.org

*Counsel for Plaintiff Daniel Lizárraga*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 3:22-cv-07513-JD<br><br>**PLAINTIFF DANIEL LIZÁRRAGA'S NOTICE OF MOTION AND MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 13, 2024<br>Time: 10:00 a.m.<br>Ctrm: 11<br><br>Action Filed: November 30, 2022 |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE that on June 13, 2024, at 10:00 a.m., or as soon thereafter as this
3  matter may be heard, Plaintiff Daniel Lizárraga will bring on for hearing before the Honorable
4  James Donato, in Courtroom 11 of the United States District Court for the Northern District of
5  California, a motion to extend the time to file a notice of appeal pursuant to Federal Rule of
6  Appellate Procedure 4(a)(5)(A). This motion will be based on this notice of motion and motion,
7  the memorandum of points and authorities, the declaration of Daniel Lizárraga filed in support
8  thereof, and any other pleadings, papers, and records on file in this case.

Dated: May 8, 2024                              Respectfully submitted,

  /s/ Carrie DeCell
Carrie DeCell, *Pro Hac Vice*
Jameel Jaffer, *Pro Hac Vice*
Alex Abdo, *Pro Hac Vice*
Stephanie Krent, *Pro Hac Vice*
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
carrie.decell@knightcolumbia.org

*Counsel for Plaintiff Daniel Lizárraga*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Daniel Lizárraga respectfully submits this Memorandum of Points and Authorities in support of his motion to extend the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A).

## INTRODUCTION AND BACKGROUND

Plaintiff Daniel Lizárraga moves the Court for an order extending the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), on the ground of "excusable neglect." Lizárraga joined the Amended Complaint filed in this action on December 16, 2022. *See* Am. Compl. ¶¶ 22, 96–99, ECF No. 31. This Court dismissed the Amended Complaint on March 8, 2024. ECF No. 78. All Plaintiffs except Lizárraga filed a notice of appeal on April 8, 2024. ECF No. 80.

Lizárraga wishes to join the appeal in this case. *See* Translated Lizárraga Decl. ¶ 5. Regretfully, he was unaware of the status of the case until April, 22, 2024, and so he did not express his desire to participate in the appeal to counsel until that time. *Id*. Because this case centers on the hacking of Plaintiffs' devices and the resulting exposure of their communications to third parties, Plaintiffs and their counsel use a specific end-to-end encrypted email service for attorney-client communications. *See* Translated Lizárraga Decl. ¶ 3. Lizárraga does not otherwise use that email service and did not regularly check his email on that service. *Id*. Additionally, Lizárraga no longer works at El Faro, where the majority of Plaintiffs work. *Id.* ¶ 2. For these reasons, Lizárraga did not promptly receive or learn of counsel's emails informing Plaintiffs of this Court's decision to dismiss the case and seeking confirmation of Plaintiffs' interest in appealing that decision. *Id*. ¶ 4. Once Lizárraga received those emails, he responded to express his desire to join the appeal, and he subsequently spoke with counsel by phone to confirm that he wished to file the present motion seeking an extension of time to file his notice of appeal in this Court. *Id.* ¶ 5.

**ARGUMENT**

**I.   Legal Standard**

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." *See Pincay v. Andrews*, 389 F.3d 853, 854 (9th Cir. 2004) (en banc). To determine whether the party's failure to meet the deadline constitutes "excusable neglect," "courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

**II.   Analysis**

The Court should grant the motion because Lizárraga's neglect to meet the deadline for filing a notice of appeal is excusable.

First, there is no danger of prejudice to Defendants. Seventeen of the eighteen Plaintiffs filed their notice of appeal by the thirty-day deadline, so Defendants had timely notice of this appeal. The addition of Lizárraga does not affect the appeal's briefing schedule, which is already set, nor does it introduce distinct legal claims or arguments to the appeal. There is therefore no prejudice in allowing Lizárraga to participate in the appeal despite his neglect to file a notice of appeal by the initial deadline. *See Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) ("Prejudice requires greater harm than simply that relief would delay resolution of the case."). In contrast to the lack of prejudice to Defendants if Lizárraga is granted relief, Lizárraga "will suffer substantial prejudice absent relief" because he will be foreclosed from participating in the case moving forward. *Id.*

Second, the delay in filing the notice of appeal is within the "grace period of 30 days" provided by the Federal Rules. *Pincay*, 389 F.3d at 854. Because other Plaintiffs had already timely

filed a notice of appeal, Lizárraga was entitled to file a notice of appeal "within 14 days after the date when the first notice was filed," Fed. R. App. P. 4(a)(3), which in this case was April 8, 2024. Lizárraga's time to file a notice therefore expired on April 22, 2024, and he now seeks an extension of time well within the thirty-day grace period provided by Rule 4(a)(5)(A)(i). *Cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (concluding that delay of "a little more than one month" was "not long enough to justify denying relief").

Third, the reason for the delay is excusable. This case centers on the hacking of Plaintiffs' devices and the resulting exposure of their communications to untold third parties. Against this backdrop, Plaintiffs and their counsel made digital security a top priority. They agreed to use a specific end-to-end encrypted email service for attorney-client communications. *See* Translated Lizárraga Decl. ¶ 3. Counsel used this email service to inform Plaintiffs of this Court's decision to dismiss the case, as well as to confirm Plaintiffs' interest in pursuing an appeal. *Id.* ¶ 4. Because Lizárraga did not use this email service regularly otherwise, he did not receive these emails from counsel until after the deadline for filing a notice of appeal had passed. *Id.* ¶ 5. The resulting delay is excusable. *See Pioneer*, 507 U.S. at 394 (holding that "excusable neglect" covers "situations in which the failure to comply with a filing deadline is attributable to negligence"); *cf. Pincay*, 389 F.3d 853 (upholding finding of excusable neglect where delay resulted from a calendaring mistake made by attorneys and paralegals who misapplied a clear legal rule); *Herbert v. State Farm Mut. Auto. Ins. Co.*, No. C 06–05532 SBA, 2009 WL 88352, at *4 (N.D. Cal. Jan. 13, 2009) (similar).

Finally, Lizárraga acted in good faith. As soon as he received the emails from counsel regarding the appeal, he responded by email and subsequently spoke with counsel on the phone to confirm his interest in joining the appeal. *See* Translated Lizárraga Decl. ¶ 5; *Lemoge*, 587 F.3d at 1197 (finding "no evidence" that movant "acted with anything less than good faith" where "errors resulted from negligence and carelessness, not from deviousness or willfulness").

## CONCLUSION

For the foregoing reasons, Plaintiff Lizárraga respectfully requests an order from the Court extending his time to file a notice of appeal.

Dated: May 8, 2024

Respectfully submitted,

/s/ Carrie DeCell
Carrie DeCell, *Pro Hac Vice*
Jameel Jaffer, *Pro Hac Vice*
Alex Abdo, *Pro Hac Vice*
Stephanie Krent, *Pro Hac Vice*
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
carrie.decell@knightcolumbia.org

*Counsel for Plaintiff Daniel Lizárraga*