**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS DADA; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED; Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants - Appellees. | No. 24-2179 <br><br> D.C. No. 3:22-cv-07513-JD <br><br> MEMORANDUM* |
| DANIEL LIZARRAGA, <br><br> Plaintiff - Appellant, <br><br> and <br><br> CARLOS DADA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED; Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants - Appellees. | No. 24-3463 <br><br> D.C. No. 3:22-cv-07513-JD |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted April 10, 2025
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and SIMON, District Judge.[**]
Dissent by Judge BADE.

Plaintiffs are journalists based in El Salvador who appeal the district court's order granting Defendants' motion to dismiss on *forum non conveniens* grounds. Plaintiffs allege that their iPhones were attacked by Pegasus, a spyware system developed and deployed by Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited, both of which are incorporated in Israel. We review a district court's *forum non conveniens* dismissal for abuse of discretion. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

1. When a U.S. citizen sues in their home forum, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). A U.S.

---

[**] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

resident is "entitled to the same deference as a citizen." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177 n.6 (9th Cir. 2006). When the plaintiff is "foreign" (i.e., not a U.S. citizen or resident), their choice is "entitled to less deference, but 'less deference is not the same thing as no deference.'" *Carijano*, 643 F.3d at 1227 (quoting *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)). When co-plaintiffs are both domestic and foreign, we apply the domestic plaintiff standard, and the presence of foreign co-plaintiffs does not "somehow lessen[]" the "strong presumption in favor of the domestic plaintiff's choice of forum." *Id.* at 1228. Finally, when a domestic plaintiff sues in a forum where they do not reside, they are entitled to more deference than a "truly foreign plaintiff (i.e., someone who is not a [U.S.] citizen or resident)," but "less deference" than if they were a forum resident. *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1207 (9th Cir. 2009) (cleaned up).

Here, three Plaintiffs are domestic (one U.S. citizen and two U.S. residents), but none reside in the chosen forum. The district court abused its discretion by failing to recognize that it should apply an intermediate level of deference under such circumstances. *See Carijano*, 643 F.3d at 1224 ("identifying an incorrect legal standard" is an abuse of discretion). Instead, after correctly noting that the strong presumption in favor of a domestic plaintiff's choice of forum "applies with less force" when they do not sue in their home forum, the district court described the

3

standard applicable to foreign plaintiffs. Reviewing the order as a whole, it appears the district court incorrectly determined that it should apply the foreign plaintiff standard.[1]

2. "To prevail on a motion to dismiss based upon *forum non conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Id.* at 1225 (citation omitted). When the plaintiff is a U.S. citizen or resident, the "defendant must satisfy a heavy burden of proof," such that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Bos. Telecomms.*, 588 F.3d at 1207 (cleaned up).

Here, however, it appears the district court gave little to no deference to Plaintiffs' choice of forum, overlooked the allegations of the operative complaint, and shifted the burden of proof from Defendants to Plaintiffs. For example, in balancing the relevant factors, the district court reasoned that "*Plaintiffs* did not demonstrate that any significant quantum of witnesses or evidence may be located in this District." But in their opposition to Defendants' motion to dismiss, Plaintiffs highlighted the complaint's allegations that Defendants facilitated the Pegasus

---

[1] When determining the applicable level of deference, the district court did not acknowledge that Plaintiffs include one U.S. citizen and two U.S. residents. Consequently, we do not know if the district court made a factual or legal error in selecting the incorrect level of deference. Either way, the error was an abuse of discretion. *See Carijano*, 643 F.3d at 1224.

attacks by "creat[ing] Apple ID accounts" and "interact[ing] extensively with Apple's U.S.-based servers, many of which are in California." For another example, the district court stated that "*[P]laintiffs* did not explain why a trial here would be more expeditious and inexpensive than in Israel or elsewhere." By shifting the burden from Defendants to Plaintiffs, the district court relied on "an erroneous view of the law." *Ravelo Monegro*, 211 F.3d at 511. Even assuming the district court was aware of the correct legal standard, it abused its discretion in applying the standard. *See Carijano*, 643 F.3d at 1224 ("applying the correct standard illogically, implausibly, or in a manner without support . . . from . . . the record" is an abuse of discretion).

Although we have discretion to decide whether to grant Defendants' motion to dismiss on *forum non conveniens* grounds, that determination is normally "committed to the sound discretion of the trial court." *Piper*, 454 U.S. at 257. We therefore vacate and remand for reconsideration.

**VACATED AND REMANDED.**[2]

---

[2] We grant Plaintiffs' motion to strike because our review is limited to "the original papers and exhibits filed in the district court," Fed. R. App. P. 10(a)(1), and documents submitted "for the first time on appeal are not part of the record." *Martinez v. Newsom*, 46 F.4th 965, 975 (9th Cir. 2022). In addition, the parties shall bear their own costs and fees on appeal.

FILED

JUL 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Dada v. NSO Group Technologies Ltd.*, 24-2179; *Lizarraga v. NSO Group Technologies Ltd.*, 24-3463

Bade, Circuit Judge, dissenting:

Plaintiffs are a group of journalists who work for a Salvadorean digital newspaper. Among them are one U.S. citizen and two U.S. residents, but none of the Plaintiffs reside in the Northern District of California. Nevertheless, they sued two Israeli corporations, Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd., in that district for developing and deploying Pegasus, a spyware system that allegedly hacked Plaintiffs' iPhones. The district court dismissed for forum non conveniens.

The majority concludes that the district court abused its discretion, Maj. Disp. at 5. I disagree. I would affirm the district court because (1) it correctly recognized that less deference is owed to Plaintiffs' choice of forum because Plaintiffs are not residents of the Northern District of California, (2) Plaintiffs' allegations that Defendants committed tortious acts in California are speculative, (3) the district court did not improperly shift the burden to Plaintiffs, and (4) the Northern District of California is not a convenient forum for this litigation. I respectfully dissent.

1. The district court accurately observed that Plaintiffs' choice of forum is entitled to less deference because the Northern District of California is not their

home forum.  A domestic plaintiff's choice of forum is ordinarily entitled to a "strong" presumption in its favor.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981).  That presumption "applies with less force when the plaintiff or real parties in interest are foreign," *id.* at 266, but it is not lessened "when both domestic and foreign plaintiffs are present," *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1228 (9th Cir. 2011).  A domestic plaintiff's choice of forum is entitled to less deference, however, if the suit is filed in a domestic forum other than the plaintiff's home forum.  *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1207 (9th Cir. 2009) (citing *Gemini Cap. Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088 (9th Cir. 1998)).

The district court's analysis is consistent with this caselaw.  Contrary to the majority's assertion, the district court concluded that Plaintiffs' choice of forum is entitled to less deference because they are not residents of the Northern District of California, *Bos. Telecomms. Grp.*, 588 F.3d at 1207, not because they are foreign, *Carijano*, 643 F.3d at 1228.  There was no reason for the district court to "acknowledge that Plaintiffs include one U.S. citizen and two U.S. residents," Maj. Disp. at 4 n.1, because the district court did not afford less deference to Plaintiffs' choice of forum on this basis.

2. The district court did not overlook well-pleaded allegations in Plaintiffs' First Amended Complaint (FAC) suggesting that Defendants committed

2

tortious acts in California because all such allegations were speculative. Plaintiffs alleged that Defendants developed their hacking software by accessing servers owned by Apple, Inc., which is based in Cupertino, California. Plaintiffs alleged, with no support, that some of those servers were located in California. Elsewhere in the FAC, they merely suggest that Defendants accessed some of Apple's U.S.-based servers, and that many of those servers are in California. To the extent that Plaintiffs allege that their iPhones were hacked through Apple's iMessage or iCloud services, there is no allegation that Apple's servers in California were exploited in so doing. And further obscuring matters, Plaintiffs allege that Defendants own and operate their own network of servers that they used to infect Plaintiffs' iPhones.

3.     The majority also faults the district court for improperly shifting the burden of proof to Plaintiffs. But Defendants successfully made a prima facie case that their relevant witnesses and evidence were in Israel. And it was clear that Plaintiffs had no connection to the Northern District of California. Because Defendants had already carried their burden, the district court's references to Plaintiffs' shortcomings do not indicate that it improperly shifted the burden. Instead, they demonstrate that Plaintiffs had not introduced any evidence to offset Defendants' showing.

      4.      The district court did not make the legal errors the majority charges it with, and it correctly determined that the Northern District of California is not a convenient forum for this litigation. The "public and private interest factors," *see Piper Aircraft*, 454 U.S. at 257–61, definitively weigh in favor of concluding that Plaintiffs' chosen forum is not convenient. Neither Plaintiffs nor Defendants have any connection to that district. Although Plaintiffs argued on appeal that Apple may provide relevant witnesses and evidence, they did not make this argument to the district court, and we should decline to consider it. *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000).

      "A forum non conveniens determination is committed to the sound discretion of the district court." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). The district court did not abuse its discretion, and I would affirm its dismissal for forum non conveniens.