UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS DADA, *et al.*, | Case No. 3:22-cv-07513-JD |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT [FED. R. CIV. P. 12(B)(1), (B)(6), FORUM NON CONVENIENS]** |
| v. | |
| NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD. | |
| Plaintiff. | |

The Court, having fully considered the renewed motion of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited to dismiss Plaintiffs' First Amended Complaint and all points and authorities filed in support of and in opposition to the motion and the arguments of counsel, and GOOD CAUSE THEREFOR APPEARING, IT IS HEREBY ORDERED:

1. The motion is GRANTED. The Court finds that Defendants have met their burden to establish that dismissal is required for *forum non conveniens*. Israel is an adequate alternate forum, and Defendants have shown that the private and public factors favor dismissal.

2. The Court also finds that Plaintiffs have not alleged sufficient facts to support an exercise of personal jurisdiction over Defendants in this action. NSO and Q Cyber, two foreign defendants with limited contacts to California, are not subject to general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Plaintiffs, also foreign parties, do not plead sufficient facts to show that Defendants purposefully targeted the state of California or the United States or that Plaintiffs' claims arise from Defendants' contacts with California or the United States. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). That the alleged conduct fortuitously involved servers located in California is not sufficient to justify exerting jurisdiction over two foreign defendants for conduct that occurred entirely outside the United States. *See Hungerstation LLC v. Fast Choice LLC*, 2020 WL 137160, at *5 (N.D. Cal. Jan. 13, 2020), *aff'd*, 857 F. App'x 349 (9th Cir. 2021). Exercising jurisdiction over NSO and Q Cyber, moreover, is not reasonable, particularly as it is likely that much of the evidence in this matter will not be located in California or the United States and given Defendants' contacts with Israel. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1125–26 (9th Cir. 2002). Accordingly, this action is dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(1).

3. Plaintiffs fail to state a claim under the Computer Fraud and Abuse Act ("CFAA"). Plaintiffs' conclusory allegations of resources used to investigate and remediate NSO's allege conduct, cannot satisfy the CFAA's "damage" and "loss" requirements. 18 U.S.C. § 1030(g); *see also Van Buren v. United States*, 141 S. Ct. 1648, 1659–60 (2021); *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1262–63 (9th Cir. 2019). Plaintiffs also plead no facts showing an economic

1  loss of at least $5,000 in value. 18 U.S.C. § 1030(c)(4)(A)(i)(I). Consequently, Plaintiffs' CFAA claim must be dismissed.

4. Given Defendants' and Plaintiffs' lack of contacts with California, Plaintiffs' claims for intrusion upon seclusion, trespass to chattels, and violation of California's Comprehensive Computer Data Access and Fraud Act ("CDAFA") must be dismissed. There is a presumption against California law being given extraterritorial effect when the alleged wrongful acts and injury occurred outside California, and nothing in the Complaint rebuts that presumption. *Oracle Corp. v. SAG AG*, 734 F. Supp. 2d 956, 967–68 (N.D. Cal. 2010). Moreover, as Plaintiffs' California claims against NSO and Q Cyber are premised on out-of-state conduct, they are also foreclosed by Due Process and Commerce Clauses of the U.S. Constitution. *See BMW v. Gore*, 517 U.S. 559, 571 (1996).

5. In addition, Plaintiffs fail to state a claim for CDAFA or trespass to chattels. As with their CFAA claim, Plaintiffs fail to plead any damage or loss actionable under the CDAFA. *See* Cal. Penal Code § 502(e)(1); *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 949 (N.D. Cal. 2014). Plaintiffs also do not plead any physical damage to their computers, as is required to state a claim for trespass to chattels. *See Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1347 (2003); *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 684 (N.D. Cal. 2020).

6. Plaintiff's Complaint is, accordingly, dismissed with prejudice.

IT IS SO ORDERED.

Dated: _____, 2025          _____
                                        The Honorable James Donato
                                        United States District Court Judge