JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO Group Technologies LTD.
And Q Cyber Technologies LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS DADA, SERGIO ARAUZ, GABRIELA CÁCERES GUTIÉRREZ, JULIA GAVARRETE, ROMAN GRESSIER, GABRIEL LABRADOR, ANA BEATRIZ LAZO ESCOBAR, EFREN LEMUS, DANIEL LIZÁRRAGA, CARLOS LÓPEZ SALAMANCA, CARLOS MARTÍNEZ, ÓSCAR MARTÍNEZ, MARÍA LUZ NÓCHEZ, VÍCTOR PEÑA, NELSON RAUDA ZABLAH, DANIEL REYES MARTÍNEZ, MAURICIO SANDOVAL SORIANO, and JOSÉ LUIS SANZ,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LTD. And Q CYBER TECHNOLOGIES LTD.,<br><br>Defendants. | Case No. 3:22-cv-07513-JD<br>[*The Honorable James Donato*]<br><br>**REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   November 3, 2025<br>Time:  10:00 a.m.<br>Ctrm:  11<br><br>Action Filed:  11/30/2022 |

# TABLE OF CONTENTS

I.   The Complaint Should Be Dismissed for *Forum Non Conveniens*. ................................. 1

II.  NSO Is Not Subject to Personal Jurisdiction in California. ............................................... 3

    A.   NSO is not subject to specific jurisdiction in California. .......................................... 3

    B.   Exercising personal jurisdiction over NSO would be unreasonable. ......................... 6

    C.   NSO is not subject to nationwide jurisdiction under Rule 4(k)(2). ........................... 7

III. The Complaint Does Not State a Claim Against NSO. ...................................................... 7

    A.   Plaintiffs do not state a CFAA claim. ........................................................................ 7

    B.   Plaintiffs do not state California law claims. ............................................................. 9

IV.  Conclusion ......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*42 Ventures, LLC v. Mav*,
   2022 WL 240030 (D. Haw. June 15, 2022) ................................................................................5

*Alhathloul v. DarkMatter Grp.*,
   2023 WL 2537761 (D. Or. Mar. 16, 2023) ....................................................................3, 4, 6, 7

*Alhathloul v. DarkMatter Grp.*,
   2025 WL 2320474 (D. Or. Aug. 12, 2025) .......................................................................5, 8, 9

*Alt. Health USA Inc. v. Edalat*,
   2022 WL 767573 (C.D. Cal. Mar. 14, 2022) ............................................................................2

*Amarte USA Holdings, Inc. v. G.L.E.D. Cosmetics US Ltd.*,
   2020 WL 10322586 (S.D. Cal. Dec. 15, 2020) .........................................................................4

*Amoco Egypt Oil Co. v. Leonis Nav. Co.*,
   1 F.3d 848 (9th Cir. 1993) ........................................................................................................7

*Andrews v. Sirius XM Radio Inc.*,
   932 F.3d 1253 (9th Cir. 2019) ...............................................................................................7, 8

*Apple v. NSO Grp. Techs. Ltd.*,
   2024 WL 251448 (N.D. Cal. Jan. 23, 2024) .............................................................................8

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) ..................................................................................................5

*Ayla, LLC v. Skin Pty. Ltd.*,
   11 F.4th 972 (9th Cir. 2021) .....................................................................................................6

*Boston Telecomms. Grp. v. Wood*,
   588 F.3d 1201 (9th Cir. 2009) ..................................................................................................6

*Briskin v. Shopify, Inc.*,
   135 F.4th 739 (9th Cir. 2025) (en banc) ...............................................................................3, 4

*Bristol-Myers Squibb Co. v. Super. Ct.*,
   582 U.S. 255 (2017) ..................................................................................................................4

*Burri Law PA v. Skurla*,
   35 F.4th 1207 (9th Cir. 2022) ...................................................................................................4

*Calendar Res. LLC v. StubHub, Inc.*,
   2020 WL 4390391 (C.D. Cal. May 13, 2020) ..........................................................................8

*California. Walden v. Fiore*,
    571 U.S. 277 (2014) ................................................................................................5, 6

*Carijano v. Occidental Petrol. Corp.*,
    643 F.3d 1216 (9th Cir. 2011) .......................................................................................1

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
    511 U.S. 164 (1994) ......................................................................................................9

*Chloe SAS v. Sawabeh Info. Servs. Co.*,
    2012 WL 7679386 (C.D. Cal. May 3, 2012) .................................................................2

*Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.*,
    918 F.2d 1446 (9th Cir. 1990) ......................................................................................3

*Cooper v. Tokyo Elec. Power Co.*,
    860 F.3d 1193 (9th Cir. 2017) .......................................................................................2

*COR Sec. Holdings Inc. v. Banc of Cal.*,
    2018 WL 4860032 (C.D. Cal. Feb. 12, 2018) ................................................................9

*Corallo v. NSO Grp. Techs. Ltd.*,
    2024 WL 4367924 (N.D. Cal. Sept. 30, 2024) ..............................................................4

*Core-Vent Corp. v. Nobel Indus. AB*,
    11 F.3d 1482 (9th Cir. 1993) .........................................................................................6

*Custom Packaging Supply v. Phillips*,
    2016 WL 1532220 (C.D. Cal. Apr. 15, 2016) ...............................................................8

*Data Tech. Grp. v. Ranella Consulting, Inc.*,
    2025 WL 2884988 (N.D. Ga. Sept. 18, 2025) ...............................................................5

*Enigma Software Grp. USA LLC v. Malwarebytes Inc.*,
    2021 WL 3493764 (N.D. Cal. Aug. 9, 2021) ................................................................4

*Fields v. Wise Media, LLC*,
    2013 WL 5340490 (N.D. Cal. Sept. 24, 2013) ............................................................10

*Fraser v. Mint Mobile*,
    2022 WL 1240864 (N.D. Cal. Apr. 27, 2022) ...............................................................9

*Freeman v. DirecTV, Inc.*,
    457 F.3d 1001 (9th Cir. 2006) ......................................................................................9

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
    905 F.3d 597 (9th Cir. 2018) ........................................................................................5

*Fuld v. PLO*,
    606 U.S. 1 (2025) ..........................................................................................................7

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
    284 F.3d 1114 (9th Cir. 2002) ................................................................................................6

*HB Prods., Inc. v. Faizan*,
    603 F. Supp. 3d 910 (D. Haw. 2022) .....................................................................................5

*Hungerstation LLC v. Fast Choice LLC*,
    2020 WL 137160 (N.D. Cal. Jan. 13, 2020), *aff'd* 857 F. App'x 349 (9th Cir.
    2021) ..............................................................................................................4, 5, 6, 7

*Hydentra HLP Int'l Ltd. v. Sagan Ltd.*,
    783 F. App'x 663 (9th Cir. 2019) ............................................................................................4

*Intel Corp. v. Hamidi*,
    30 Cal. 4th 1342 (2003) ........................................................................................................10

*Jenkins v. Pooke*,
    2009 WL 10692010 (N.D. Cal. July 13, 2009) .....................................................................5, 6

*Kazakhstan v. Ketebaev*,
    2017 WL 6539897 (N.D. Cal. Dec. 21, 2017) ........................................................................4

*Kemp v. IBM Corp.*,
    2010 WL 4698490 (N.D. Cal. Nov. 8, 2010) .........................................................................4

*Khashoggi v. NSO Grp. Techs.*,
    138 F.4th 152 (4th Cir. 2025) .................................................................................................3

*Lang Van, Inc. v. NVG Corp.*,
    40 F.4th 1034 (9th Cir. 2022) .................................................................................................5

*In re Meta Healthcare Pixel Litig.*,
    713 F. Supp. 3d 650 (N.D. Cal. 2024) ..................................................................................10

*Microsoft Corp. v. Does 1-2*,
    2021 WL 4755518 (E.D.N.Y. May 28, 2021) ........................................................................8

*Mount v. PulsePoint, Inc.*,
    2016 WL 5080131 (S.D.N.Y. 2016) .....................................................................................10

*MSC Safety Sols. v. Trivent Safety Consulting*,
    2020 WL 7425874 (D. Colo. Dec. 18, 2020) .........................................................................8

*NetApp, Inc. v. Nimble Storage, Inc.*,
    41 F. Supp. 3d 816 (N.D. Cal. 2014) ......................................................................................5

*Nowak v. Xapo, Inc.*,
    2020 WL 6822888 (N.D. Cal. Nov. 20, 2020) .......................................................................9

*Paccar Int'l v. Comm. Bank of Kuwait*,
    757 F.2d 1058 (9th Cir. 1985) ............................................................................................6, 7

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ..........................................................................................4

*Reflex Media, Inc. v. Chan*,
    2020 WL 6694316 (C.D. Cal. Oct. 30, 2020) ..................................................................4

*Ridgway v. Phillips*,
    383 F. Supp. 3d 938 (N.D. Cal. 2019) ..............................................................................2

*Rodriguez v. Google LLC*,
    772 F. Supp. 3d 1093 (N.D. Cal. 2025) ..........................................................................10

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) ............................................................................................6

*Rounds v. Case-Mate Inc.*,
    2025 WL 1873999 (C.D. Cal. July 2, 2025) ....................................................................4

*Sinatra v. Nat'l Enquirer*,
    854 F.2d 1191 (9th Cir. 1988) ..........................................................................................6

*Soo Park v. Thompson*,
    851 F.3d 910 (9th Cir. 2017) ............................................................................................4

*Tuazon v. R.J. Reynolds Tobacco Co.*,
    433 F.3d 1163 (9th Cir. 2006) ..........................................................................................2

*Umeda v. Tesla, Inc.*,
    2022 WL 18980 (9th Cir. Jan. 3, 2022) ............................................................................2

*United States v. Millot*,
    433 F.3d 1057 (8th Cir. 2006) ..........................................................................................9

*United States v. Yücel*,
    97 F. Supp. 3d 413 (S.D.N.Y. 2015) .................................................................................8

*In re Vizio, Inc.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017) ..........................................................................10

*Walsh v. Microsoft Corp.*,
    63 F. Supp. 3d 1312 (W.D. Wash. 2014) ..........................................................................9

*Will Co. v. Lee*,
    47 F.4th 917 (9th Cir. 2022) .............................................................................................4

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) (en banc) ..........................................................................3

*Yangtze Memory Techs., Inc. v. Strand Consult*,
    2025 WL 2637501 (N.D. Cal. Sept. 12, 2025) .............................................................1, 5

**Statutes**

18 U.S.C. § 2 .................................................................................................................................. 9

18 U.S.C. § 1030(c) ....................................................................................................................... 9

18 U.S.C. § 1030(g) ................................................................................................................... 8, 9

Cal. Penal Code § 502(e)(1) .........................................................................................................10

**REPLY**

As before, a reader of Plaintiffs' opposition could be forgiven for thinking Apple is the plaintiff in this case. Plaintiffs base their opposition to *forum non conveniens*, their assertion of personal jurisdiction, and their attempt to invoke California law entirely on *Apple*'s supposed interests. But Apple is not a plaintiff, and Plaintiffs do not sue NSO for supposed harms to Apple. Plaintiffs are *foreign* citizens who were allegedly harmed in *foreign* countries by *foreign* actors' alleged access to their *foreign* devices. As this Court correctly held before, those purely foreign claims do not belong in California or the United States, which have no interest in allowing their courts to police alleged privacy violations by foreign actors against foreign residents in foreign countries. That renders this forum improper under *foreign non conveniens* and prevents this Court from exercising personal jurisdiction over NSO. Aside from those dispositive issues, Plaintiffs do not adequately plead their claims. The Court should dismiss the Complaint with prejudice.

**I.    The Complaint Should Be Dismissed for *Forum Non Conveniens*.**

Plaintiffs' purely foreign claims should be dismissed for *forum non conveniens*—as this Court previously found and is even more true today. Israel is undisputedly an adequate alternative forum (Opp. 3 n.1), and the private and public factors favor dismissal (Mot. 3-6).

1. Plaintiffs do not dispute that NSO is located in Israel and has no property, employees, witnesses, or evidence in California, or that *Plaintiffs* all live outside California and that all of *their* key witnesses and evidence are in other states or countries. (Opp. 5-6.) Plaintiffs' suggestion (at 5) that some "evidence will be in Apple's control in California" is misplaced. No evidence in Apple's control will be relevant to prove any element of Plaintiffs' claims, which relate solely to the alleged use of Pegasus in foreign countries by foreign actors. The alleged conduct Plaintiffs actually challenge has nothing to do with Apple, so all the important evidence is thousands of miles away from California. It is hard to imagine a stronger case for *forum non conveniens*. *Yangtze Memory Techs., Inc. v. Strand Consult*, 2025 WL 2637501, at *6-8 (N.D. Cal. Sept. 12, 2025). Plaintiffs cite no case finding a forum proper when all parties, witnesses, *and* key evidence are outside the forum.[1]

---

[1] The defendant in *Carijano v. Occidental Petrol. Corp.*, 643 F.3d 1216, 1230 (9th Cir. 2011), and

1    Importantly, NSO's evidence could be available in Israel but not in this Court. Plaintiffs do not dispute that Israeli law prohibits NSO from transferring information about its technology outside of Israel. (Mot. 4-5.) It is plainly untrue that those restrictions would apply equally in Israel. (Opp. 6.) Israel's Expert Control Law prohibits the transfer of protected information into the United States but not within Israel. (Dkt. 46-3 § 15.) If this case were brought in Israel, all the evidence and testimony could be kept wholly within Israel, avoiding violations of the Export Control Law and other legal restrictions. Plaintiffs also cannot credibly deny that these evidentiary restrictions significantly burdened NSO in the *WhatsApp* case. The *WhatsApp* court sanctioned NSO for failing to produce evidence that NSO *could not legally provide*. (Mot. 4.) The *WhatsApp* court also significantly limited NSO's ability to defend itself at trial, not as a sanction, but solely because the court had previously limited the scope of discovery in light of Israeli law. (*Id.*) Those rulings confirm that Israeli legal restrictions will interfere with litigation in this Court, "impose significantly heavier burdens on NSO than plaintiffs" (Dkt. 78 at 5), and create "practical problems" throughout the case, *Umeda v. Tesla, Inc.*, 2022 WL 18980, at *1 (9th Cir. Jan. 3, 2022).

Finally, Plaintiffs do not dispute that any judgment would "be easier to enforce" in Israel, which "weighs strongly in favor of dismissal." *Alt. Health USA Inc. v. Edalat*, 2022 WL 767573, at *9 (C.D. Cal. Mar. 14, 2022). While Israel's Foreign Judgments Enforcement Law allows for the enforcement of some foreign judgments (Opp. 6), it does not allow enforcement of a judgment where, as here, it "might be detrimental to Israel's sovereignty or security." Eddy Meiri, *Foreign Judgments Enforcement in Israel*, 31 Int'l L. Practicum 39, 41 (2018). Plaintiffs ignore that limit.

2.  California has no interest in protecting foreign Plaintiffs who never lived in California and were allegedly injured in foreign countries by foreign actors. California's purported "interest in protecting California companies" (Opp. 3) is irrelevant because *Plaintiffs are not a California*

---

plaintiffs in *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1180 (9th Cir. 2006), and *Ridgway v. Phillips*, 383 F. Supp. 3d 938, 948 (N.D. Cal. 2019), were all forum residents. In *Cooper v. Tokyo Elec. Power Co.*, 860 F.3d 1193, 1211 (9th Cir. 2017), "all Plaintiffs reside[d] in" the United States and had "medical conditions" precluding foreign travel. In *Chloe SAS v. Sawabeh Info. Servs. Co.*, 2012 WL 7679386, at *23-24 (C.D. Cal. May 3, 2012), "Defendants' data was stored" in the United States.

*company*, and "Apple is not a party to this action and its interests cannot be considered." *Alhathloul v. DarkMatter Grp.*, 2023 WL 2537761, at *11 (D. Or. Mar. 16, 2023). California also "has no interest … in El Faro's readership," not least because NSO and El Salvador are not subject to the First Amendment. (Dkt. 78 at 6.) Plaintiffs cite no case holding that any *U.S.* interests are relevant to whether *California* is a proper forum. That aside, the Executive Order Plaintiffs cite—which does not mention NSO and is limited to *the United States' use* of "commercial spyware" under specific conditions, 88 Fed. Reg. 18,957 (Mar. 27, 2023)—does not give U.S. courts a roving commission to punish alleged privacy violations occurring entirely overseas. Finally, Plaintiffs do not dispute that Israeli courts would have a greater "understanding of the circumstances" of this case. *Contact Lumber*, 918 F.2d at 1453. Given California's tangential relevance to this case, it "makes little sense" to burden a California court and jury with this wholly foreign case. (Dkt. 78 at 6.)

## II.    NSO Is Not Subject to Personal Jurisdiction in California.

Dismissal is independently required because this Court lacks personal jurisdiction over NSO. Nothing in Plaintiffs' opposition rebuts this Court's conclusion that this suit "cannot be squared with our traditional understanding of due process and limited jurisdiction." (Dkt. 78 at 7.)

### A.    NSO is not subject to specific jurisdiction in California.

Plaintiffs essentially concede that what NSO allegedly did to *them* cannot support specific jurisdiction in California. They do not contend that the sole basis of their claims—the alleged foreign access to their devices in El Salvador—supports jurisdiction, and it plainly does not. *Khashoggi v. NSO Grp. Techs.*, 138 F.4th 152, 161-64 (4th Cir. 2025). Instead, Plaintiffs argue specific jurisdiction exists because NSO allegedly "accessed *Apple's* servers" to design its software. (Opp. 3-6 (emphasis added).) That is inadequate to support specific jurisdiction, for several reasons.

***First***, Plaintiffs concede (at 9) their "harms were not suffered in the forum." That alone forecloses specific jurisdiction, as their key authority recognizes. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 751 (9th Cir. 2025) (en banc) (requiring "harm that the defendant knows will be suffered in the forum state"). Plaintiffs and their amici simply ignore binding precedent requiring "a jurisdictionally sufficient amount of harm [be] suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le*

*Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc).[2] Plaintiffs cannot rely on *Apple*'s alleged harms when *Plaintiffs* "do not claim to have suffered harm in [California]." *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 265 (2017). The "focus … of the jurisdictional analysis must be on … harm caused in the forum to the plaintiff, not to a third party." *Alhathloul*, 2023 WL 2537761, at *8.[3] The cases Plaintiffs cite all involved in-forum harm *to the plaintiff*.[4]

**Second**, Plaintiffs do not adequately plead that NSO expressly aimed at California. Their allegations that NSO accessed California servers are all based "[o]n information and belief." (FAC ¶¶ 3, 41.) Such allegations are not "taken as true" (Opp. 3 n.1), *even if* the information were peculiarly within NSO's control, because Plaintiffs fail to plead any *factual basis* for their belief. *Kemp v. IBM Corp.*, 2010 WL 4698490, at *4 (N.D. Cal. Nov. 8, 2010); *see Amarte USA Holdings, Inc. v. G.L.E.D. Cosmetics US Ltd.*, 2020 WL 10322586, at *2 (S.D. Cal. Dec. 15, 2020); *Reflex Media, Inc. v. Chan*, 2020 WL 6694316, at *3 (C.D. Cal. Oct. 30, 2020). Moreover, whether *Apple* directed the services NSO used through Apple's California servers is not "peculiarly within [NSO's] possession and control." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). Plaintiffs do not allege that NSO *targeted* California-based servers or controlled which servers any communication passed through.

**Third**, even proper allegations "that NSO targeted Apple's servers in California" would be "legally insufficient" to support jurisdiction. *Corallo v. NSO Grp. Techs. Ltd.*, 2024 WL 4367924, at *3 (N.D. Cal. Sept. 30, 2024). This case bears no meaningful resemblance to *Briskin*, where the defendant, "as a regular course of business," allegedly "target[ed] California consumers to extract collect, maintain, distribute, and exploit" their data. 135 F.4th at 755-56. The defendant allegedly installed spyware on the *California-resident plaintiff's* computer, *while knowing* that the computer was located in California at the time. *Id.* None of that is true here. *See Rounds v. Case-Mate Inc.*, 2025 WL 1873999, at *6 (C.D. Cal. July 2, 2025) (distinguishing *Briskin*). This case mirrors *Hungerstation LLC v. Fast Choice LLC*, 2020 WL 137160, at *5 (N.D. Cal. Jan. 13, 2020), *aff'd* 857

---

[2] *See Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (requiring "injury . . . tethered to California").
[3] *Accord Kazakhstan v. Ketebaev*, 2017 WL 6539897, at *9 (N.D. Cal. Dec. 21, 2017); *Enigma Software Grp. USA LLC v. Malwarebytes Inc.*, 2021 WL 3493764, at *8 (N.D. Cal. Aug. 9, 2021).
[4] *Will Co. v. Lee*, 47 F.4th 917, 919, 926-27 (9th Cir. 2022); *Burri Law PA v. Skurla*, 35 F.4th 1207, 1215-16 (9th Cir. 2022); *Hydentra HLP Int'l Ltd. v. Sagan Ltd.*, 783 F. App'x 663, 665 (9th Cir. 2019).

F. App'x 349 (9th Cir. 2021), because Plaintiffs did "not have a [computer] in California" and neither party controlled where "third parties located their servers." Plaintiffs ignore the wealth of authorities Defendants cited. (Mot. 8 & n.6.)[5] And their own authorities are distinguishable because NSO did not "specifically cho[o]se servers' in the forum" or "deliberately access[] servers it knew were located in the forum." (Opp. 9.)[6] Whether or not the location of Apple's servers is happenstance *for Apple*, it is "pure happenstance" *for NSO*, which is what matters. *Hungerstation*, 2020 WL 137160, at *5.[7]

That is why courts routinely hold that the use of a third party's servers cannot support specific jurisdiction (Mot. 7-8)—including an analogous case against NSO in this District. *Corallo*, 2024 WL 4367924, at *3-4. Plaintiffs' authorities (at 9-10) are inapposite. This case is not like *WhatsApp* because the alleged conduct Plaintiffs challenge—the access to their devices in El Salvador—is not "target[ing] a California-based company and its California servers." (Opp. 9.) Nor did NSO "[m]ake [an application] accessible to those living in the United States," *Lang Van, Inc. v. NVG Corp.*, 40 F.4th 1034, 1041 (9th Cir. 2022), or "deliberately access[]" California "databases to take information after performing work for" a California plaintiff, *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 826 (N.D. Cal. 2014). In any event, allegedly targeting a California *resident* (*i.e.*, Apple) does not show NSO targeted *California*. *Walden v. Fiore*, 571 U.S. 277, 289-90 (2014); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069-70 (9th Cir. 2017).[8]

---

[5] *See also Yangtze*, 2025 WL 2637501, at *4; *Data Tech. Grp. v. Ranella Consulting, Inc.*, 2025 WL 2884988, at *5 (N.D. Ga. Sept. 18, 2025).

[6] None of Plaintiffs' cases involved a foreign defendant who accessed foreign plaintiffs' computers in foreign countries by sending messages over a third-party server. The plaintiff in *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 601-02 (9th Cir. 2018), made defamatory statements while in the forum state. The defendants in *42 Ventures, LLC v. Mav*, 2022 WL 240030, at *3-4 (D. Haw. June 15, 2022), and *HB Prods., Inc. v. Faizan*, 603 F. Supp. 3d 910, 930-31 (D. Haw. 2022), placed their *own* servers in the forum. The defendant in *Alhathloul v. DarkMatter Grp.*, 2025 WL 2320474, at *7-12 (D. Or. Aug. 12, 2025), "exfiltrat[ed] data from [p]laintiff's iPhone while knowing she was present in the U.S.," purchased exploits from U.S. companies, and deliberately chose to "use U.S. . . . proxy servers."

[7] In fact, Apple's California data center is the smallest of its five U.S. data centers. Apple also has foreign data centers in Denmark and China. Mary Zhang, *Apple's Data Center Locations* (Sept. 15, 2022), https://dgtlinfra.com/apple-data-center-locations/. Plaintiffs allege no basis to believe NSO ever targeted a server in Apple's California data center specifically.

[8] *Jenkins v. Pooke*, 2009 WL 10692010, at *4-5 (N.D. Cal. July 13, 2009), predates and conflicts with *Walden* and *Axiom Foods*. Moreover, the defendant there accessed the plaintiff's email

### B. Exercising personal jurisdiction over NSO would be unreasonable.

The Ninth Circuit in *Hungerstation*, 857 F. App'x at 352, and this District in *Corallo*, 2024 WL 4367924, at *4, found personal jurisdiction unreasonable based on allegations just like Plaintiffs'. Here too, personal jurisdiction over NSO would be unreasonable. (Mot. 9.)

***First***, Plaintiffs' claims have no connection to California or the United States and will severely burden NSO. (Mot. 9.) NSO's "allegedly tortious conduct—sending an iMessage from a foreign locale, transmitted through U.S.-based servers, to a foreign phone with intent to hack the phone in the foreign locale—presents no 'purposeful interjection' into United States' affairs." *Alhathloul*, 2023 WL 2537761, at *9; *see Hungerstation*, 857 F. App'x at 352. NSO "is incorporated in [Israel], owns no property in the forum, and has no employees" there. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125-26 (9th Cir. 2002). All of NSO's witnesses and evidence (including highly regulated export-controlled material), and almost all Plaintiffs and their evidence, are overseas. *Hungerstation*, 857 F. App'x at 352. And Plaintiffs are "nonresident[s]," which automatically weighs against jurisdiction. *Id.*; *Paccar Int'l v. Comm. Bank of Kuwait*, 757 F.2d 1058, 1064-65 (9th Cir. 1985). Any minimal convenience to Plaintiffs from litigating in the United States is an "insignificant" factor. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993); *see Walden*, 571 U.S. at 284 ("limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs").[9]

Plaintiffs' only real response is to recycle their argument that "Defendants interjected themselves into California's affairs" by allegedly targeting Apple's infrastructure. (Opp. 11.) That argument, however, erroneously conflates this case with the claims in *WhatsApp*. This case is not

---

account, "maintained by a California corporation," to steal the plaintiff's California-registered website. *Id.* Plaintiffs' devices here have no similar (or any) connection to California.

[9] Plaintiffs' cases are inapposite. *Boston Telecomms. Grp. v. Wood*, 588 F.3d 1201 (9th Cir. 2009), is not a personal jurisdiction case. The Ninth Circuit has limited *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191 (9th Cir. 1988), to cases in which the defendant has a "physical presence or agent within the United States," *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991) (cleaned up). The plaintiff in *Ayla, LLC v. Skin Pty. Ltd.*, 11 F.4th 972, 976, 980-82, 984 (9th Cir. 2021) was a California corporation, and the defendant had shipped and sold its goods throughout the United States. NSO, in contrast, is a foreign corporation with "no ongoing connection to or relationship with the United States," so the "burden" on NSO of litigating is "particularly great." *Core-Vent*, 11 F.3d at 1488.

1  *WhatsApp*, so Plaintiffs' argument fails on both factual and legal grounds.

2  **Second**, this lawsuit conflicts with Israel's sovereignty and does not implicate any local interest. (Mot. 9.) The sovereignty factor always weighs against jurisdiction when the "defendant is from a foreign nation." *Amoco Egypt Oil Co. v. Leonis Nav. Co.*, 1 F.3d 848, 852 (9th Cir. 1993); *see Paccar*, 757 F.2d at 1065. And Israel heavily regulates NSO's business, approves the licensing of its technology, and restricts the transfer of information related to that technology. (Shohat Decl. ¶¶ 3, 5-9.) Plaintiffs' claims, moreover, "relate to conduct carried out at the behest of [a foreign] government"—namely, El Salvador—which further "counsels against exercising jurisdiction." *Alhathloul*, 2023 WL 2537761, at *10. In contrast, neither California nor the United States have any interest in a lawsuit brought by foreign plaintiffs against foreign defendants related to actions allegedly committed in and by foreign countries. *Id.*; *Paccar*, 757 F.2d at 1065.

      **C.**    **NSO is not subject to nationwide jurisdiction under Rule 4(k)(2).**

Plaintiffs' argument for jurisdiction under Rule 4(k)(2) fails for the same reasons as their argument for specific jurisdiction: Rule 4(k)(2) does not allow jurisdiction "over a foreign entity solely because that entity engaged in tortious conduct from a location outside of the United States by remotely accessing servers located in the United States." *Hungerstation*, 847 F. App'x at 351; *accord Alhathloul*, 2023 WL 2537761, at *6. Plaintiffs' discussion of *Fuld v. PLO* (at 12-13) ignores that *Fuld* considered the restrictions on jurisdiction created by a *different* federal statute—the Promoting Security and Justice for Victims of Terrorism Act—that, unlike Rule 4(k)(2), expressly "ties federal jurisdiction to conduct closely related to the United States that implicates important foreign policy concerns." 606 U.S. 1, 18 (2025). The CFAA does not authorize federal courts to exercise jurisdiction over foreign defendants who lack minimum contacts on claims for which Plaintiffs "suffered" no "harm" in the United States. *Hungerstation*, 847 F. App'x at 351.

**III.**    **The Complaint Does Not State a Claim Against NSO.**

      **A.**    **Plaintiffs do not state a CFAA claim.**

Even taking all of Plaintiffs' allegations as true, they do not plead a cause of action under the CFAA's "limited" terms. *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019).

**First**, Plaintiffs do not plead the economic "damage or loss" necessary to bring a civil

CFAA action. (Mot. 9-12). Even if merely "installing malware" were "damage" (Opp. 13)—and it is not (Mot. 10)—it is not "*economic* damage[]." 18 U.S.C. § 1030(g) (emphasis added). Neither is the alleged disabling of a single iPhone feature that is not available to any iPhone user. Plaintiffs rely on the risk of "extracting confidential information from" their devices (Opp. 13), but it is well-established that the "mere copying of data" is not "damage" under the CFAA. *Calendar Res. LLC v. StubHub, Inc.*, 2020 WL 4390391, at *22 (C.D. Cal. May 13, 2020). The out-of-Circuit case Plaintiffs cite, *United States v. Yücel*, 97 F. Supp. 3d 413, 420-21 (S.D.N.Y. 2015), was decided before the Supreme Court interpreted the CFAA's definition of "damage" in *Van Buren*, and its interpretation of "damage" is inconsistent with *Van Buren*'s interpretation. Plaintiffs cite no post-*Van Buren* decision holding that the mere installation of alleged spyware constitutes "damage."[10]

Plaintiffs also identify no economic "loss." First, they cite no authority for the proposition that the "value" of their phones *to them* constitutes loss in the absence of physical damage, and courts uniformly reject that argument. (Mot. 11.) Second, Plaintiffs' alleged lost time is not itself economic loss, *MSC Safety Sols. v. Trivent Safety Consulting*, 2020 WL 7425874, at *9 (D. Colo. Dec. 18, 2020), and Plaintiffs allege no facts suggesting that *their* time had economic value. They do not allege, for example, that they are paid an hourly rate by El Faro or that their time spent assisting the investigation kept them from getting paid for other work. Third, Plaintiffs say they "purchase[d] security software" (Opp. 14), but several of the allegations they cite say no such thing (FAC ¶¶ 71, 75). Other allegations assert that some Plaintiffs purchased items such as new "hard drive[s]" and a "security camera and a smart doorbell" (FAC ¶¶ 79, 95, 127, 131), but those purchases cannot constitute loss because they are "unrelated to the hacking itself." *Andrews*, 832 F.3d at 1262-63.[11] Plaintiffs also do not allege how much they spent on their purchases, so they do not plead those expenses satisfy the $5,000 threshold.

That leaves only investigatory expenses, but Plaintiffs still do not contend that *they* paid for those expenses. (Mot. 12.) Plaintiffs cite no authority that would permit them to use non-party

---

[10] *Apple v. NSO Grp. Techs. Ltd.*, 2024 WL 251448, at *4 (N.D. Cal. Jan. 23, 2024); *Alhathloul*, 2025 WL 2320474, at *22-23; and *Microsoft Corp. v. Does 1-2*, 2021 WL 4755518, at *7 (E.D.N.Y. May 28, 2021), found "loss," not "damage."

[11] *See Custom Packaging Supply v. Phillips*, 2016 WL 1532220, at *4-5 (C.D. Cal. Apr. 15, 2016).

El Faro's alleged injuries to satisfy the CFAA's "damage or loss" requirement. (Opp. 14.) Although a criminal prosecution may be based on loss to "persons" generally, 18 U.S.C. § 1030(c), CFAA's civil provision requires the *plaintiff* to have "suffere[d] damage or loss," *id.* § 1030(g). In a civil action, that necessarily limits the $5,000 threshold to a plaintiff's own losses. *Walsh v. Microsoft Corp.*, 63 F. Supp. 3d 1312, 1320 (W.D. Wash. 2014). Plaintiffs cite no case allowing a private plaintiff to bring a CFAA claim based on a non-party's losses.[12]

**Third**, the CFAA does not allow civil aiding and abetting liability. (Mot. 13.) Plaintiffs ignore the Supreme Court's and Ninth Circuit's clear holdings that civil aiding and abetting liability does not exist unless a statute *expressly* provides for such liability. *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 184 (1994), *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1005-06 (9th Cir. 2006). And they do not dispute that the CFAA's text does *not* authorize civil aiding and abetting liability. They say "many cases" have held otherwise (Opp. 14), but they cite only one such case.[13] That case erroneously relied on the availability of aiding-and-abetting liability "for criminal violations," *COR Sec. Holdings Inc. v. Banc of Cal.*, 2018 WL 4860032, at *7 (C.D. Cal. Feb. 12, 2018), which depends on the general aiding and abetting statute for criminal offenses, *not* on the CFAA, 18 U.S.C. § 2; *Cent. Bank*, 511 U.S. at 181-82.

### B.  Plaintiffs do not state California law claims.

Plaintiffs cannot and do not state a claim against NSO under California law. (Mot. 13-15.) Plaintiffs' arguments have no merit.

**First**, California law cannot be applied to Plaintiffs' claims. Plaintiffs seek to avoid the limits on extraterritorial enforcement of California law by invoking Apple's interests and claiming NSO used "Apple's infrastructure in California." (Opp. 15.) Setting aside Plaintiffs' failure adequately to allege that NSO accessed California servers, Plaintiffs do not and cannot sue NSO for

---

[12] *United States v. Millot*, 433 F.3d 1057 (8th Cir. 2006), was a *criminal* prosecution not subject to the CFAA's *civil* "damage or loss" requirement. *Alhathloul*, 2025 WL 2320474, at *23, relied on the *plaintiff*'s expenses in hiring third-party investigators, not the investigators' expenses.

[13] The two other cases Plaintiffs cite did not decide the issue. *Fraser v. Mint Mobile*, 2022 WL 1240864, at *5 (N.D. Cal. Apr. 27, 2022); *Nowak v. Xapo, Inc.*, 2020 WL 6822888, at *4 (N.D. Cal. Nov. 20, 2020).

that conduct. A CDAFA claim may be brought only by "the owner or lessee" of the accessed "computer," Cal. Penal Code § 502(e)(1), and Plaintiffs do not own or lease Apple's servers. Plaintiffs likewise cannot claim a privacy interest or property right in Apple's servers, as is required for their privacy and trespass to chattels claims. *In re Vizio, Inc.*, 238 F. Supp. 3d 1204, 1232 (C.D. Cal. 2017); *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1348 (2003). Plaintiffs' claims depend on the alleged access to their own devices, which occurred entirely overseas. California law does not apply to such foreign conduct. (Mot. 13-14.)

**Second**, Plaintiffs concede their CDAFA and trespass to chattels claims depend on the same allegations of "damage" as their CFAA claims. (Opp. 15.) Because Plaintiffs plead no such damage, their claims should be dismissed. With respect to trespass in particular, Plaintiffs do not deny that they have not alleged "*physical* harm or impairment to [their] phones," which is what that tort requires. *Fields v. Wise Media, LLC*, 2013 WL 5340490, at *5 (N.D. Cal. Sept. 24, 2013) (emphasis added). The alleged disabling of "one feature of a particular software application"—particularly a "reporting" feature that does not affect the phone's functionality (FAC ¶ 40)—does not support a trespass claim. *Mount v. PulsePoint, Inc.*, 2016 WL 5080131, at *10 (S.D.N.Y. 2016). The FAC nowhere alleges that NSO "used up storage space" on Plaintiffs' phones. (Opp. 15.)[14] And whether NSO "profited" by licensing Pegasus (*id.*) has no conceivable relevance to whether Plaintiffs' devices were damaged.[15] Courts have rejected trespass claims based on allegations like Plaintiffs' (Mot. 14-15 & n.10), and Plaintiffs cite no case holding otherwise.

## IV. Conclusion

The Court should dismiss Plaintiffs' Complaint with prejudice.

DATED: October 30, 2025

KING & SPALDING LLP

By: */s/Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
Attorneys for Defendants

---

[14] The plaintiffs in *In re Meta Healthcare Pixel Litig.*, 713 F. Supp. 3d 650, 655-59 (N.D. Cal. 2024), alleged a "measurable decrease in the[ir] storage." Plaintiffs do not.

[15] *Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1009 (N.D. Cal. 2025), permitted a plaintiff to seek disgorgement under CDAFA when the defendant profited from using the plaintiffs' data. Plaintiffs do not allege that NSO sold Plaintiffs' data. NSO licensed a surveillance technology.